# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated, and | ) ) ) ) ) | |
| JEANNE MILSTEIN, CHILD ADVOCATE OF THE STATE OF CONNECTICUT | ) ) ) | |
| PLAINTIFFS | ) ) | |
| V. | ) ) | CIV. NO. 302CV429 (RNC) |
| CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and | ) ) ) | |
| CHRISTINE REGALIA, in her official capacity as Commissioner of the Connecticut Department of Children and Families, | ) ) ) ) | |
| DEFENDANTS | ) | May 1, 2005 |

## *SECOND MOTION FOR CLASS CERTIFICATION*

Plaintiffs respectfully move that this court certify a Plaintiff class in this matter, as follows:

**ORAL ARGUMENT REQUESTED**

**TESTIMONY REQUIRED**

1.     The plaintiffs request certification of a class consisting of the following individuals:
       Severely mentally ill youth in the care of DCF whose mental health needs cannot be met
       in traditional foster home placements or institutions and who are in desperate need of
       community based placements[1] from DCF.

2.     The prerequisites to a class action specified in Fed. R. Civ. P. 23(a) are met in this action
       by the proposed Plaintiff class.  The proposed class is so numerous that joinder of all of
       its members would be impracticable.   The estimated number of plaintiffs in the class is
       1500, based upon DCF data obtained through discovery and from the Office of the Child
       Advocate.  Additionally, few or none of the members of the class have the ability to
       retain an attorney due to their status as minors, lack of financial resources, and because
       they are in the care of DCF, thus rendering the joinder of all members of the class
       impracticable.

3.     There are questions of law and fact common to the proposed class, namely, whether
       Defendants' denial of clinically indicated community-based residential placement to all
       children and youth entitled to such placement violates the Americans with Disabilities
       Act (ADA), 42 USC § 12132; Section 504 of  the Rehabilitation  Act (§504), 29 USC §

---

[1]The term "community based placement" had been defined by defense witnesses as "small, home-like group homes staffed by competent professionals and plaintiffs agree with this definition.

794(a);  Connecticut General Statutes §§17a-3 and 17a-6; and the Twenty-First Amendment to the Connecticut Constitution.

4.      The named Plaintiffs' claims are typical of the claims of the proposed class.  The named Plaintiffs and members of the proposed class all claim that their injuries and claims stem from one single common use and course of conduct of DCF;  the denial of community-based residential placements to severely mentally ill children in the care of DCF.

5.      The named Plaintiffs will fairly and adequately protect the interests of the proposed class. In supporting their individual claims, the named Plaintiffs will simultaneously advance the claims of absent class members.

6.      Plaintiffs' attorneys are experienced in complex class litigation involving the Department of Children and Families.  Counsel have the resources, expertise and experience to prosecute this action.

7.      In   addition to satisfying the requirements for prerequisites to a class action, the requirements of  Fed. R. Civ. P. Rule 23(b)(2) are also satisfied in the Defendants have acted or refused to act on grounds generally applicable to the class as a whole, hereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole.

Respectfully submitted,

PLAINTIFFS


By:_____
    Anne Louise Blanchard
    CONNECTICUT LEGAL SERVICES,INC.
    Federal Bar  No. ct 08718
    872 Main Street
    P. O. Box 258
    Willimantic, Connecticut 06226
    Telephone: (860)456-1761
    Fax (8760)456-7420

CERTIFICATION

I certify that a copy of the foregoing Memorandum In Support of Second Motion For Class Certification was mailed, postage prepaid, to the following counsel of record on the 2st day of May, 2005 to:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Attorney Carolyn Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Lori Welch-Rubin
Engelman & Welch-Rubin, LLP
129 Whitney Avenue, New Haven, CT 06510

_____
Anne Louise Blanchard