UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

W.R., individually and on behalf of her minor son,
JOSEPH R.; SUSAN K.; M.O., individually and on
behalf of her minor son, OMAR S.; and on behalf
of all others similarly situated

    PLAINTIFFS

VS.                                                      CIV. NO. 302CV429 RNC
CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES, and

                                                           July 14, 2005

CHRISTINE REGALIA, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families

    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO DEFENDANTS' MOTION FOR PERMISSION TO FILE SUR-REPLY AND MOTION TO STRIKE SUR-REPLY

Pursuant to Local Rule of Civil Procedure 7(a), plaintiffs file this opposition to Defendants' Motion for Permission to File a Sur-Reply Brief regarding plaintiffs' pending motion for class certification and, pursuant to Federal Rule of Civil Procedure 12(f), move that said sur-reply be stricken from the record as it does not comply with the requirements of the Local Rule of Civil Procedure 7(d) and its consideration gives unfair advantage to Defendants.

**No oral argument requested, no testimony required**

## I. Introduction

On May 1, 2005, plaintiffs' filed their second motion for class certification, now pending before the Court. On May 23, 2005, defendants filed their objection to said motion along with eight attachments. Those attachments included an affidavit of Karen Snyder dated May 20, 2005[1] and Judge Nevas' December 23, 2003 Order with complete final version of the *Juan F.* Exit Plan.[2] On June 3, 2005, plaintiffs' filed a request for extension of time until June 28, 2005 to file their reply to defendants' objection. As there had been no ruling on plaintiffs' said motion for extension of time, plaintiffs filed their reply brief on June 28, 2005 along with a request for permission to file said brief. Plaintiffs' said motions for extension of time and permission to file were granted by the Court on July 6, 2005. On July 7, 2005 defendants' filed a motion for permission to file a sur-reply brief along with their sur-reply brief.

## II. Defendants Sur-Reply is not authorized by the Local Rules of Court and the facts do not warrant a sur-reply.

Local Rule 7 authorizes only the filing of an opposition to a motion and a reply brief to such opposition brief. L.R.C.P. 7(a), (d). Further memoranda, such as a sur-reply, may only be filed with the court's permission. Marczeski v. Law et al, 122 F. Supp. 2d 315, 318, n.2 (D. Conn. 2000).[3] The purpose of reply papers is to "properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party". Bayway Refining Company v. Oxygenated Marketing and Trading A.G., 215 F.3d 219, 226-227 (2nd

---

[1] Attachment 4 to Defendants' Objection to Plaintiffs' Second Motion for Class Certification.
[2] Attachment 7 to Defendants' Objection to Plaintiffs' Second Motion for Class Certification.

[3] The Court cites L.R.C.P. 9(g) which, when the Local Rules were revised, was moved without change to L.R.C.P.7(d). The Court stated the rule but allowed the additional filings in that case because the plaintiff was *pro se*).

2

Cir. 2000) *citing* Litton Indus. v. Lehman Bros. Kuhn Loeb Inc., 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) *rev'd on other grounds,* 967 F.2d 742 (2nd. Cir. 1992) *See also* Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F.Supp. 693, 708 (S.D.N.Y. 1996), also cited by the Second Circuit in Bayway Refining, supra. Similarly, if new evidence is presented in a reply brief in further support of its motion, the court should permit a response to those new matters. Bayway Refining, supra at 227. In this case, plaintiffs' reply was in direct response to issues raised by defendants' objection, in accordance with Rule 7. Where the issues discussed in the reply brief are in response to the opposition papers, as is the case here, a sur-reply is not warranted, Travelers Insurance Company v. Buffalo Reinsurance Company et al, 735 F.Supp 492, 495-496 (S.D.N.Y. 1990) *vacated in part on other grounds,* 739 F. Supp. 209 (S.D.N.Y. 1990), and should be stricken. Root v. Liston, 2003WL 22937686 (D. Conn. 2003) (Granting motion to strike unauthorized sur-reply).

### III. Defendants have failed to comply with the procedural requirements of a reply brief.

L.R.C.P. 7(d) limits a reply brief to 10 pages and mandates that it "must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which the reply is being made." In Hale Propeller, L.L.C. v. Ryan Marine Products Pty., Ltd., et al.,151 F.Supp.2d 183, 201 (D. Conn. 2001) the court construed the requirements concerning reply briefs to apply to sur-reply briefs. *Id.* Defendants have failed to include any citations to the points in plaintiffs' reply brief to which they claim to be responding. In addition, they have utilized the sur-reply brief to simply repeat the points they raised in their opposition and to attempt to bolster their argument by adding citations to decisions which had been issued long before they filed their opposition brief, simply attaching the same

3

documents they filed previously.[4] Thus, if allowed to file their sur-reply, defendants, by being permitted to add to their legal argument, will obtain precisely the unfair advantage which concerned the Second Circuit in <u>Bayway Refining</u>, <u>supra</u>, and should not be permitted here. <u>ADR/JB Corp. v. MCY III, Inc.</u>, 299 F.Supp.2d 110, 116 (E.D.N.Y. 2004)(Denying ADR's motion for permission to file sur-reply since the reply raised no arguments or issues that could not have been addressed in ADR's opposition papers and where the reply papers merely addressed issues ADR itself raised in its opposition papers.)..

**IV. Conclusion**

For the foregoing reasons, plaintiffs object to the defendants motion for permission to file a sur-reply brief and move to strike it from the record..

Respectfully submitted,

THE PLAINTIFFS,

By _/s/ Catherine L. Williams_
    Catherine L. Williams, Esq.
    Federal Bar No. #ct02059
    CONNECTICUT LEGAL SERVICES, INC.
    211 State Street
    Bridgeport, Connecticut 06604
    Telephone (203) 336-3851
    Fax: (203) 333-4976
    Email: cwilliams@connlegalservices.org

---

[4] The May 20, 2005 Affidavit of Karen Snyder, Defendants' Exhibit 1 to their sur-reply, was previously filed as Attachment 4 to their opposition brief. While Defendants' Exhibit 2 is a summary of the main points of the *Juan F.* Exit Plan and not an exact duplicate of Attachment 7 to their opposition brief, every point in Exhibit 2 is included in Attachment 7, the more complete version of the *Juan F.* Exit Plan.

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following counsel of record in accordance with Rule 5(b) of the FRCP on this 14th day of July, 2005 to:

Attorney Susan Pearlman
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

Attorney Carolyn A. Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06106
Phone: 860 808-5160
Fax: 860 808-5384

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515
Phone: 203 772-6680
Fax: 203 772-2194

_____
Catherine L. Williams