UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.R., ET. AL. | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:02CV429(RNC) |
| | : | |
| v. | : | |
| | | |
| CONNECTICUT DEPARTMENT OF CHILDREN and FAMILIES, ET AL., | : | |
| | | |
| *Defendant* | : | August 5, 2005 |

**DEFENDANTS' OBJECTION TO PLAINTIFFS'
MOTION TO STRIKE DEFENDANTS' SUR-REPLY**

**I.    PROCEDURAL BACKGROUND**

On May 1, 2005, plaintiffs filed their second motion for class certification. On May 23, 2005, defendants filed an objection to that motion. On June 28, 2005, plaintiffs filed a request for permission to file a reply brief along with their reply brief. The court granted plaintiffs' motion for permission to file a reply brief. On July 7, 2005, defendants moved the Court for leave to file a sur-reply along with a sur-reply brief and on July 12, 2005, the Court granted defendants leave to file the sur-reply. The plaintiffs thereafter filed their motion to strike the defendants' sur-reply on July 15, 2005 and the court requested a response by August 5, 2005.

**II.    ARGUMENT**

**The Court Has Inherent Power to Authorize Defendants' Sur-Reply and Appropriately Did so in This Case.**

"The Local Rules allow the opposing party to file a memorandum in opposition to the initial motion, to which the moving party may (but is not required to) file a reply.

L.R.C.P. 9(g).  Any further memoranda, such as a surreply, may be filed only with leave of court…" <u>Marczeski v. Law et al</u>, 122 F. Supp. 2d 315, 318, n.2 (D. Conn. 2000).[1]  The court in this case granted leave for the defendants to file their sur-reply on July 12, 2005.

"The district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked." <u>Somlyo v. J. Lu-Rob Enterprises, Inc.</u>, 932 F.2d 1043, 1048 (2d Cir. 1991); <u>Braxton v. Bi-State Dev. Agency</u>, 728 F.2d 1105, 1107 (8th Cir. 1984); <u>Allen v. United States Fidelity & Guar. Co.</u>, 342 F.2d 951, 954 (9th Cir. 1965).  In <u>Somlyo</u>, the court stated that the standard in the Second Circuit regarding when the district court would excuse a departure from the Local Rules "is better framed in terms of fairness." <u>Id.</u> at 1048.  If faced with a potential for unfairness, "the district court should tailor the Local Rules to best achieve a just outcome." <u>Id.</u> at 1048.

Plaintiffs argue that defendants' 12-page sur-reply should be stricken because L.R.C.P. 7(d) limits a reply brief to 10 pages and requires specific citations to points to which the reply responds.  Plaintiffs also contend that the sur-reply is unnecessary because it acts to bolster original legal arguments and gives defendants an unfair advantage.  However, to the extent that the sur-reply seeks to clarify issues blurred by the plaintiff in their reply and to respond to new arguments and facts submitted by the plaintiff, it does not give defendants an unfair advantage.

The plaintiffs cite to the *Hale Propeller, L.L.C. v. Ryan Marine Products Pty., Ltd. et al.,* 151 F. Supp. 2d 183, 201 (D. Conn. 2001) decision for their argument that the local rules regarding reply memoranda must be strictly applied to sur-replies.  However, the court in *Hale* was addressing the submission of new evidence through affidavits

---

[1] The court cites L.R.C.P.  9(g) which, when the Local Rules were revised, was moved without change to L.R.C.P. 7(d).

2

attached to the sur-reply without sufficient explanation for the late submission. *Id.* The defendants' sur-reply in this case does not present new evidence, but rather expressly responds to new assertions and evidence in the plaintiffs' reply.

The plaintiffs' citation to the *MTBE* decision and their utilization of the "Levels of Care Indicators" on page 2 of their reply to support their request for certification, served to confuse the requirement of discernability and misconstrued the meaning of objective criteria. The discussion in the defendant's sur-reply on pages 2 through 5 regarding the court's inability to ascertain the class in this case is in direct response to the plaintiffs' argument on page 2 of their reply and seeks to clarify those issues for the court.

The plaintiffs also cited to certain figures for the first time in their reply (pp. 4 – 5) to support their claim of numerosity. The defendants' sur-reply specifically demonstrates why those figures do not support a finding of numerosity and why they amount to "mere speculation." (Sur-reply pp. 5 – 7). Section III of the sur-reply responds to the plaintiffs' argument in their reply (pp. 5 – 8) that the relation back doctrine rescues their action from being deemed moot.

Section IV of defendants' sur-reply addresses the plaintiffs' assertions on pages 9 through 10 of their reply that issues of aggrievement and whether or not the defendants provide community-based placements are not to be examined for purposes of class certification. However, the plaintiffs' claims that a class of individuals have been aggrieved cannot be considered in a vacuum, without consideration of whether or not there is any evidence of discrimination on the part of the defendants and whether or not the relief sought is necessary to counter the alleged discrimination. *MTBE* 209 F.R.D.

323, 335 (S.D.N.Y. 2002); *Cohn v. Cohn,* 189 F.R.D. 209, 212 (Conn. D.C. 1999); *Daniels v. City of New York,* 198 F.R.D. 409, 413 n. 5 (S.D.N.Y. 2001). It was not until the plaintiffs' filed their reply that the specific relief they are seeking was articulated. (Reply p. 9) They argued that the defendants' concerns regarding the impact a ruling in this case would have on the *Juan F.* Exit Plan and their existing efforts to enhance community-based placements and services for all children served by DCF could be alleviated if the court fashioned an order for DCF "to develop and implement an array of community-based systems of mental health to address the needs of the putative class." The plaintiffs' assertions that the merits of their claims cannot be considered at all and that an order for DCF to develop community based systems of mental health is currently necessary, compelled further clarification for the court regarding the law on to what extent factual issues must be examined for purposes of certifying a class, the inter-relationship between the court orders under *Juan F.* and what these plaintiffs proposed; and the community-based systems that are already in existence and being developed by DCF. (Sur-reply pp. 8-12).

      To prohibit the defendants from submitting a sur-reply in light of the new arguments and factual submissions made by the plaintiffs in their reply, would lead to an impermissible result that is not in line with the goals of F.R.C.P. 1. ("[these rules] shall be construed to secure the just, speedy, and inexpensive determination of every action"). Therefore, fairness demands that a harmless deviation from L.R.C.P. 7(d) (a brief in excess of 10 pages and non-specific references to the reply) be excused and Plaintiffs' Motion to Strike Defendants' Sur-reply be denied. *Somlyo, supra* at 1049.

4

### III. CONCLUSION

Wherefore, the Defendants respectfully request that the Plaintiff's Motion to Strike Defendant's Sur-reply be denied.

                                                        DEFENDANTS

                                 BY:   RICHARD BLUMENTHAL

                                 BY:   _____
                                           Carolyn Signorelli
                                           Assistant Attorney General
                                           Federal Bar No. ct 17534
                                           55 Elm Street, 3rd Floor Annex
                                           Hartford, CT 06106
                                           Tel: (860) 808-5160
                                           Fax: (860) 808-5384
                                           Email:Carolyn.Signorelli@po.state.ct.us

## CERTIFICATION

I HEREBY CERTIFY that the foregoing was mailed certified mail on this 5th day of August, 2005 to the following counsel of record:

Attorney Susan T. Pearlman
Assistant Attorney General
Office of the Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT  06515

Attorney Anne Louise Blanchard
Connecticut Legal Services
872 Main Street
Willimantic, CT  06226

                                                          _____
                                                               Carolyn A. Signorelli
                                                           Assistant Attorney General