sheet.

These shall be deemed to be continuing interrogatories. If, between the time of your answers and the time of the trial of this case, you or anyone acting on your behalf learn of further information not contained in your answers, you shall promptly furnish said information to the undersigned by supplemental answers.

## INSTRUCTIONS

The following instructions and definitions form an integral part of these interrogatories, and the interrogatories are to be read in accordance with these instructions and definitions.

I. "Document":

The term "document" means any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced. whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

(a) all contracts, agreements, representations, warranties, certificates, opinions,

(b) all letters or other forms of correspondence or communications. including envelopes, notes. telegrams, cables, telex messages. messages (including reports, notes, notations and memoranda of or relating to telephone conversations or conferences),

(c) all memoranda, reports, test results, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations,

2

(d)  all desk calendars, appointment books, diaries,

(e)  all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals,

(f)  all minutes or transcripts of all meetings,

(g)  all photographs, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums. print-outs, and other data compilations from which information can be obtained.

II.  "Communications":

The term "communication" means not only oral communications but also any "documents" (as such terms in defined in paragraph I above), whether or not such document or the information contained therein was transmitted by its author to any other person.

III.  "Identify". "Identity" or "Identification":

   A.  When used in reference to a natural person, the terms "identify". "identity" or identification" mean to provide the following information:

   (i)   full name;

   (ii)  present or last known business and residence addresses;

   (iii) present or last known business affiliation; and

   (iv)  present or last know business position (including job title and a description of job functions, duties and responsibilities).

   B.  When used with reference to any entity other than a natural person, state;

   (i)   its full name;

   (ii)  the address of its principal place of business;

    (iii)    the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

    (iv)    the identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referenced to;

    (v)    in the case of a corporation, the names of its directors and principal officers; and

    (vi)    in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

C.    When used in reference to a document, the terms "identify", "identity" or "identification" mean to provide the following information:

    (i)    the nature of the document(e.g. letter, contract, memorandum) and any other information (i.e., its title, index or file number) which would facilitate in the identification thereof;

    (ii)    its present location and the identity (as defined in Paragraph III(A) hereof) of its present custodian or, it its present location and custodian are not known, a description of its last known disposition;

    (iii)    its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers of those interrogatories;

    (iv)    the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection therewith

4

    (i.e., author, contributor of information, recipient, etc.) Or who has any knowledge; and

  (v) if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity (as defined in paragraph III(A) hereof) of the person(s) responsible for the document no longer being in existence and of its last custodian.

 D. When used in connection with an oral communication, the terms "identify", "identity" and "identification" mean to provide the following information:

  (i) its general nature (i.e., conference, telephonic communications, etc.);

  (ii) the time and place of its occurrence;

  (iii) its subject matter and substance;

  (iv) the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection herewith or who has any knowledge thereof together with a description of each such person's function, role, or knowledge, and

  (v) the identity (as defined in paragraph III(C) hereof) of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

IV <u>"Describe" or "Description"</u>:

 A. When used with respect to any act, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening,

negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incidence or event, the terms "describe" or "description" mean to provide the following information:

    (i)    its general nature;

    (ii)    the time and place thereof;

    (iii)    a chronological account setting forth each element thereof, what such element consisted of and what transpired as part thereof;

    (iv)    the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection therewith (i.e., speaker, participant, contributor or information, witness, etc.) Or who had any knowledge thereof together with a description of each such person's function, role or knowledge;

    (v)    the identity (as defined in paragraph III(C) hereof) of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

    (vi)    the identity (as defined in paragraph III(D) hereof) of each oral communication which was a part thereof or referred thereto.

B.    When used in connection with any calculation or computation, the terms "describe" or description" mean to provide the following information:

    (i)    an explanation of its meaning (including the nature, source and meaning of each component part thereof);

    (ii)    an explanation of the manner in which it was derived;

    (iii)    the identity (as defined in paragraph III(A) hereof) of each person who performed any function with respect thereto and a description of his function;

    (iv)    the identity of each document (as defined in paragraph III(C) hereof) which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

    (v)    the identity (as defined in paragraph III(D) hereof) of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

V.    "Factual basis":

The term "factual basis" means (A) set forth each item of information upon which the allegation, contention, claim or demand to which it pertains is based, and (B) with respect to each such item of information, identify each person having knowledge thereof and identify and describe (as defined in paragraph III and IV hereof) each source thereof including but not limited to each document, oral communication, act, action, activity, accounting negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, calculation and computation upon which you rely with respect thereto.

VI.    "Relates to" or "thereto":

7

The terms "relates to" or "thereto", relating to" or "thereto" when used in connection with any act, action, activity, accounting practice, process, occurrence, occasion, course of conduct, contractual provision or document, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, etc., means used or occurring or referred to in the preparation therefore, on in the course thereof, or as a consequence thereof, or referring thereto.

VII.   Answer by Reference to Documents:

If any interrogatory is answered by reference to a document or group of documents, with respect to each such interrogatory answer, identify (as defined in paragraph III(C) hereof) the specific document or documents containing the requested information.

VIII.   "Person":

The term "person" means all natural persons, corporations, partnerships or other business associations, public authorities, municipal corporations, state governments, local governments, all governmental bodies, and all other legal entities.

IX.   "You" or "Your":

the terms "you" or "yours" shall be deemed to refer to Defendants.

X.   The purpose of these interrogatories is not to place any unfair burden on the defendants, but rather the purpose is to obtain all information that will be used at trial. The defendants need only provide as many examples to support any particular claim as they intend to use at trial. If defendants intend to only refer to one example at trial, they

need only state such example here. If Defendants intend to introduce more than one example, then they need to state all examples here.

The plaintiffs realize that defendants may argue that they are only presenting representative examples at trial, however plaintiffs are entitled to know what representative examples will be used in order for them to prepare their defense.

1. At the close of the last completed fiscal year, for children and youth residentially placed by DCF, provide:

    a. Total number of children and youth in placement.

    b. The number of children and youth in placement in Connecticut Childrens' Place.

    b. The number of children and youth in placement in High Meadows.

    d. The number of children and youth in placement in Connecticut Junior Training School.

    e. The number of children and youth in placement in Riverview Hospital.

    f. The total number of children and youth in placement in shelters

    g. The number of children and youth in placement in residences (excluding those mentioned in above paragraphs a-f) with 25 or more beds.

        a. The names, addresses and number of beds for each of the residences.

    h. The number of children and youth in placement in residences (excluding those mentioned in above paragraphs a-f) with more than 10 and less than 25 beds.

        a. The names, addresses and number of beds for each of the

9

residences.

i. The number of children and youth in placement in residences, other than foster homes, with 10 or less beds.

    a. The names, addresses and number of beds for each of the residences.

    a. The number of children and youth in placement in foster homes.

2. Provide the average annual non-educational cost for a child or youth residentially placed at:

    a. Connecticut Children's Place.

    b. High Meadows

    c. Connecticut Junior Training School.

    d. Private residential placements with 25 or more beds.

    e. Private residential placements with more than 10 but less than 25 beds

    f. Private residential placements with 10 or less beds.

3. Identify all DCF reports, studies and documents by title and author discussnig residential costs and benefits and or detriments of the various types of residential placements provided by DCF.

4. Identify all persons who assisted in the preparation of answers to these interrogatories and state the specific interrogatory(ies) which each person provided assistance in answering.

### REQUEST TO PRODUCE (INSTRUCTION)

If the defendants refuse to answer and/or objects to any production request in whole or in part, describe the basis for the refusal or objection in detail

announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if defendants do not have custody of the original

1. Please provide all documents identified in, described in, or supporting the defendants' responses to the above Interrogatories.

By _____
Douglas Crockett, Esq.
Bet Gailor, Esq.
Anne Louise Blanchard, Esq.
Connecticut Legal Services
Federal Bar No. ct 06166
Federal Bar No. ct 01981
Federal Bar No. ct 08718
872 Main Street
Willimantic, Connecticut  06226
Telephone:  (860) 456-1761
Fax:: 860 456-7420
Dcrockett@connlegalservices.org
Bgailor@connlegalservices.org
Ablanchard@connlegalservices.org

| DECREE | STATE OF CONNECTICUT | RECORDED: |
|---|---|---|
| PC-160   REV. 12/90 | COURT OF PROBATE | |

**COURT OF PROBATE, DISTRICT OF PUTNAM**     **DISTRICT NO. 116**

IN THE MATTER OF

　　Joseph Roberts, a minor (89-0605)

---

　　At a court of probate held at the time and place of hearing set by the court, together with any continuances thereof, as of record appears, on the petitioner's application for a permanency hearing on the status of the respondent, as in said petition or motion on file more fully appears

PRESENT: Hon. ERNEST J. COTNOIR, Judge

After due hearing, THE COURT FINDS that:

　　Notice of hearing was given in accordance with the order of notice previously given.

　　It is in the best interests of the respondent that provision of services and placement and reunification efforts be continued until May 31, 2006, or until further order of this court, after modification as indicated herein.

　　The permanency plan approved is: eventual reunification with mother following transitional placement as indicated herein.

And it is ORDERED AND DECREED that:

　　The Department formulate and submit a revised permanency plan for the respondent and this proceeding is continued to Tuesday, September 20th, 2005 at 11:00 a.m. for consideration of the revised plan; and further that said revised plan shall include a current residential placement and a proposed transitional placement in a residential setting facility deemed clinically appropriate and located as close to the respondent's mother as possible.

Dated at Putnam, Connecticut, this 18th day of August, 2005.

*Ernest J. Cotnoir* (signature)
ERNEST J. COTNOIR, Judge

---

DECREE
PC-160

**EXHIBIT D**