UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

W.R., individually and on behalf of her minor
son, JOSEPH R.; SUSAN K.; M.O., individually
and on behalf of her minor son, OMAR S.; and on
behalf of all others similarly situated, and

JEANNE MILSTEIN, CHILD ADVOCATE OF
THE STATE OF CONNECTICUT

    PLAINTIFFS

V.                                                              CIV. NO. 302CV429
                                                                                      (RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES, and
DARLENE DUNBAR, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families,

    DEFENDANTS                                                November 18, 2005


**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE**

Pursuant to Fed. Rule Civ. Proc. 7 and Local Civ. Rule 7(a), plaintiffs submit this Motion to Exclude Evidence not properly disclosed to plaintiffs during discovery in accordance with Fed. Rules Civ. Proc. 26(e) and 37(c)(1).

In support of this motion, plaintiffs state the following:

1.  Defendants filed a Motion for Summary Judgment on July 21, 2005. Plaintiffs filed a memorandum opposing this motion on September 26, 2005, as

ORAL ARGUMENT REQUESTED

TESTIMONY REQUIRED

well as Plaintiffs Local Rule 56(a)(2) in which plaintiffs noted 42 issues of material fact in dispute.

2.  Defendants filed a Reply Memorandum on October 27, 2005, and plaintiffs sought leave of the court to file a Sur-Reply Memorandum, which leave was granted on November 8, 2005.

3.  Plaintiffs file their Sur-Reply simultaneously together with this Motion to Exclude Evidence.

4.  As discussed in Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, and in Plaintiffs' Memorandum in Support of their Motion to Exclude Testimony, plaintiffs were denied discovery with respect to much of the evidence that comprises Defendants' Local Rule 56(a)2 Statement. Although defendants initially responded to all of plaintiffs' Requests for Production of Documents and Interrogatories, they failed to supplement their responses in accordance with Fed. Rule Civ. Proc. 26(e)(1) and 26(e)(2).  As a result, plaintiffs are unable to review much documentary evidence needed to rebut defendants' claims, particularly those relating to the state's fundamental alteration defense under *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 119 S. Ct. 2176, 144 L.Ed.2d 540 (1999).  Defendants have offered no substantial justification for their failure to supplement their responses pursuant to Fed. Rule 26(e).

5.  Plaintiffs would be prejudiced if the court were to consider the facts

set forth in Defendants' Local Rule 56(a)2 Statement, since they have been precluded from putting factual evidence before the court which would rebut the factual assertions contained therein.

Wherefore, for all of the reasons set forth in Plaintiffs' Memorandum in Support of Motion to Exclude Testimony, filed herewith, plaintiffs respectfully request the following:

1. that the court exclude from its consideration of defendants' Motion for Summary Judgment any facts that were not disclosed to plaintiffs in accordance with Rule 26(e), as delineated in Plaintiffs' Local Rule 56(a)2 Statement;

2. that the court issue an order directing defendants to supplement their responses to plaintiffs' requests for production and interrogatories, consistent with Plaintiffs' Local Rule 56(a)2 statement.

Respectfully submitted,

PLAINTIFFS,

By_____
Bet Gailor
Connecticut Legal Services
Federal Bar No. ct 01981
872 Main Street
P. O. Box 258
Willimantic, Connecticut  06226
Telephone:  (860) 456-1761, x. 111
Fax:: 860 456-7420
e-mail: bgailor@connlegalservices.org

3

Catherine Williams  
Connecticut Legal Services  
Federal Bar No. ct02059  
211 State Street  
Bridgeport, CT 06604  
Tel: 203 336-3851, x. 111  
fax: 203 333-4976  
e-mail: cwilliams@connlegalservices.org

CERTIFICATION

      I certify that a copy of the foregoing Sur-Reply Memorandum was mailed, postage prepaid, via first class U.S. Mail, to the following counsel of record on the 18th day of November, 2005:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Carolyn Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515

                                                          _____
                                                          Bet Gailor