**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

W.R., individually and on behalf of her minor
son, JOSEPH R.; SUSAN K.; M.O., individually
and on behalf of her minor son, OMAR S.; and on
behalf of all others similarly situated, and

JEANNE MILSTEIN, CHILD ADVOCATE OF
THE STATE OF CONNECTICUT

    PLAINTIFFS
V.                                                                                          CIV. NO. 302CV429
                                                                                                                    (RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES, and
DARLENE DUNBAR, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families,

    DEFENDANTS                                                            November 18, 2005


**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO EXCLUDE EVIDENCE**


I. <u>Introduction and procedural background</u>

       Defendants' Motion for Summary Judgment dated July 21, 2005 is

pending before this court.  Plaintiffs filed a Memorandum in Opposition to

Defendants' Motion for Summary Judgment on September 26, 2005, together

with Plaintiffs' Rule 56(a)2 Statement, which noted 42 material issues of fact in

dispute.  Defendants filed a Reply Memorandum dated October 27, 2005.

Plaintiffs file a Sur-Reply Memorandum on November 18, 2005, together with

this Memorandum and accompanying Motion to Exclude Evidence.

In their Local Rule 56(a)1 Statement, defendants provided over 300 pages of evidence, much of which the plaintiffs saw for the first time when reading Defendants' Local Rule 56(a)1 Statement. Because defendants, without justification, failed to supplement their discovery responses and disclosures of documents as mandated by Fed. Rule Civ. Proc. 26(e), plaintiffs are unable to adequately oppose and defend against Defendants' Motion for Summary Judgment by establishing that many of the facts which defendants claim are undisputed are, in fact, in dispute.

II. Argument

A. In ruling on defendants' Motion for Summary Judgment, the court should not consider facts set forth in Defendants' Local Rule 56(a) statement which were not disclosed to plaintiffs in discovery consistent with Fed. Rule Civ. Proc. 26(e) because defendants have offered no substantial justification for non-disclosure.

All evidence submitted in support of facts asserted in the Local Rule 56(a)1 Statement in a Motion for Summary Judgment must be admissible at trial. L. Civ. R. 56(a)(2). Consequently, in deciding a motion for summary judgment, a district court may rely only on that evidence with is admissible at trial. *Rubens v. Mason,* 387 F.3d 183 (2d Cir. 2004)*; Nora Beverages, Inc. V. Perrier Group of America,* 164 F.3d 736, 746 (2d Cir. 1998). Documents that are not disclosed during the discovery period are automatically precluded from admission at trial. "A party that without substantial justification fails to disclose information required

by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... *or on a motion* any witness or information not so disclosed" Fed. R. Civ. P. 37(c)(1) (emphasis added). "Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness'" *Design Strategies, Inc. V. Davis,* 367 F.Supp.2d 630 (S.D.N.Y. 2005)(citing *American Stock Exchange, LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y. 2002)*; Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998)*; In re Motel 6 Sec. Litig.,* 161 F. Supp.2d 227, 243 (S.D.N.Y 2001).

The court does have discretion to admit certain non-disclosed material, but only in the specific instances in which the non-disclosing party had "substantial justification" or the nondisclosure was harmless. *Design Strategies, Inc. V. Davis, 367 F.Supp.2d* at 634. However, the burden of proving either substantial justification or harmlessness rests with the "dilatory party." *American Stock Exchange, LLC. V. Mopex, Inc., 215 F.R.D. at 93*.

> "Substantial justification means 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request ... Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure."

*Id.* (citations omitted)[1].

---

[1]Although " ... some courts in this circuit abide by the principal that preclusion is to be imposed only 'in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure' ... this proposition appears to

The defendants in this case have offered no substantial justification why they did not disclose this information to plaintiffs in discovery. At pages 5-7 of their Reply Memorandum, defendants argue that exclusion of evidence is unwarranted because 1) plaintiffs failed to identify what specific responses were not properly supplemented justifying exclusion of the evidence; 2) that the evidence submitted by the defendants was never requested by the plaintiffs; and 3) plaintiffs cannot show how they were prejudiced so as to justify exclusion under Rule 37(c). None of these arguments is meritorious.

With respect to the first assertion, the fact that plaintiffs' Local Rule 56(a)2 statement did not specifically enumerate which discovery request had not been fulfilled is irrelevant to the issue of whether defendants were justified in not supplementing their responses consistent with Rule 26(e).

Second, the evidence was requested by plaintiffs, and defendants were not uncertain about what documents plaintiffs were seeking, since their initial responses to plaintiffs' discovery requests were satisfactory. In fact, in response to the Plaintiffs' First Request for Production of Documents, defendants provided plaintiffs with extensive documentation of all placements the DCF offered, including foster home placements. They cannot now justify their non-compliance

---

originate from cases that applied Rule 37 before it was amended in 1993 to make preclusion automatic in cases where the failure to disclose lacks a substantial justification and is not harmless .... In any case, the Second Circuit has not addressed the question of whether or not it is necessary to make a finding of "bad faith" or "callous disregard" in order to preclude evidence pursuant to Rule 37(c)91)" *See Design Strategies Inc. v. Davis, 367 F.Supp. 2d at 630, n. 3 (citations omitted).*

4

with their obligation to supplement their responses under Rule 26(e) by saying they did not know plaintiffs were seeking this information.  Similarly, defendants initially provided plaintiffs with several interoffice memoranda relating to changes they were planning to make in the provision of mental health treatment; thus, they cannot reasonably justify their failure to offer plaintiffs further documentation of such changes, including the development of treatment foster care or therapeutic group homes. Moreover, both of these types of placements fall within the definition of residential placements, a fact which defendants clearly understood given their initial responses to plaintiffs discovery requests.

In addition, while plaintiffs did not ask specifically for discovery of "requests for proposals for therapeutic group homes", they could not have done so, because such requests for proposals were not even issued at that time. Nonetheless, such placements certainly fall within the purview of residential placements defendants provide.

Moreover, defendants' assertion that plaintiffs did not request information relating to mental health funding is not accurate, since, as defendants are aware, a huge segment of the DCF's mental health funding consists of the cost of residential placements, about which plaintiffs had specifically inquired, and to which defendants had responded in their initial responses to Plaintiffs' Request for Production of Documents and Interrogatories.

The only justification defendants have asserted for non-compliance, as

5

they did on several occasions during the discovery period in response to plaintiffs' requests for updated information, was to claim that the information plaintiffs were seeking was available on the DCF website. While plaintiffs have obtained data from the website, much of the information that is supposed to be posted on the website simply is not there, and plaintiffs have been unable to secure it.

      B.  <u>Defendants' failure to disclose is not harmless, since plaintiffs have been prejudiced by defendants' failure to comply with Rule 26(e)</u>.

Plaintiffs are prejudiced by defendants' failure to comply with Rule 26(e) because they are unable to sufficiently rebut much of the evidence defendants have submitted to support their claim that the state has an effectively working plan for placing qualified children and youth with mental disabilities in less restrictive settings.

As discussed at pages 12-14 of *Plaintiffs' Memo in Opposition*, the court must conduct a "complex fact-intensive inquiry" regarding a fundamental alteration defense. One aspect of such inquiry is whether the state has an effective plan for de-institutionalizing children and youth. Defendants have relied upon affidavits to present facts they contend are not in dispute; however, plaintiffs have submitted evidence that those facts are disputed. For instance, at footnote 7 at page 11, defendants accuse plaintiffs of attempting to "obfuscate the issues by denying statements of undisputed facts relating to the reduction in number of children placed in residential treatment facilities, by improperly relying

6

on DCF records for different time periods than the periods covered in the Rule 56 statement.” Plaintiffs’s reliance on DCF records for different time periods is not improper, and they are not “obfuscating” the issues. Plaintiffs are merely pointing out to the court that the DCF’s own records reflect that since the filing of this lawsuit, the number of out-of-state residential placements actually has increased, not decreased as defendants’ assert. *See Exhibit 14, Martin Analysis, Plaintiffs Rule 56(a)2 Statement*. Whether the number of children placed out-of-state has increased is a material fact relevant to the state’s claim that it was a well-organized and effective state plan for the de-institutionalization of children with disabilities in its care. Furthermore, without access to the other information, such as the Performance Based Contract data for out-of-state facilities, and the missing PBC data for shelter placements and other in-state providers, plaintiffs are unable to bring to the court’s attention other material facts necessary to refute defendants’ claims that it has an “effectively working plan”.

III. Conclusion

In sum, because defendants have offered no substantial justification for their failure to supplement discovery responses in accordance with Fed. Rule Civ. Proc. 26(e), and because plaintiffs’ ability to prove its claims is prejudiced thereby, in accordance with Rule 37(c), this court should exclude from its consideration of defendants’ Motion for Summary Judgment all such evidence

that was not disclosed to plaintiffs.

Respectfully submitted,

PLAINTIFFS,


By_____
Bet Gailor
Connecticut Legal Services
Federal Bar No. ct 01981
872 Main Street
P. O. Box 258
Willimantic, Connecticut  06226
Telephone:  (860) 456-1761, x. 111
Fax:: 860 456-7420
e-mail: bgailor@connlegalservices.org

CERTIFICATION

     I certify that a copy of the foregoing Sur-Reply Memorandum was mailed, postage prepaid, via U.S. Mail, to the following counsel of record on the 18th day of November, 2005:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Carolyn Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515

                                                 _____
                                                 Bet Gailor