**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated, and<br><br>JEANNE MILSTEIN, CHILD ADVOCATE OF THE STATE OF CONNECTICUT<br><br>   PLAINTIFFS<br><br>V.<br><br>CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and<br><br>DARLENE DUNBAR, in her official capacity as Commissioner of the Connecticut Department of Children and Families,<br><br>   DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIV. NO. 302CV429 (RNC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NOVEMBER 18, 2005 |

**PLAINTIFFS' SUR-REPLY MEMORANDUM IN RESPONSE TO**
**DEFENDANTS' REPLY MEMORANDUM DATED OCTOBER 27, 2005**

I. Introduction.

    Plaintiffs file this Sur-Reply Memorandum to respond to specific allegations contained in Defendants' Reply Memorandum dated October 27, 2005. Plaintiffs' responses to allegations relating to the exclusion of evidence are discussed in Plaintiffs' Memorandum in Support of Motion to Exclude Evidence submitted herewith and incorporated by reference herein.

II. Argument

A. <u>Defendants' assertion that plaintiffs' discrimination claims are not actionable is erroneous.</u>

At pages 8-9 of their *Reply*, defendants, citing *Traynor v.Turnage,* 485 U.S. 535, 549 (1988), and *Doe v. Pfrommer,* 148 F.3d 73, 83-84 (2d Cir. 1998), assert that plaintiffs claims are not actionable because they "are claiming that the defendants are discriminating among disabled individuals" which is permissible under the ADA and §504. To the contrary, the gravamen of plaintiffs' discrimination claims is that they are denied access to the mental health treatment and community-based placements available to children and youth in the care or custody of the DCF who are not disabled.

It is well-established in the Second Circuit that when determining whether a violation of the ADA and §504 has occurred, the court's focus must be on "'the individual services offered' not the "amorphous objective of 'adequate health care'" *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999)*, citing Alexander v. Choate,* 459 U.S. 287, 303, 105 S. Ct. 712, 83 L.Ed. 2d 661 (1985). In this case, Connecticut law specifically enumerates the services that the DCF must provide to all children in its care or custody.  Conn. Gen. Stat. §17a-3, attached as Exhibit A, mandates that *all* children in the care or custody of the DCF, including those who are mentally ill, be provided with " ... services and *placements* that are clinically indicated and appropriate to the needs of the child or youth" (emphasis added). The court must compare the evidence upon which plaintiffs' discrimination claims are based to that clear statutory mandate.

*Henrietta D. v. Bloomberg,* 331 F.3d 261, 276 (2d Cir. 2003). Thus, plaintiffs' claims may not be characterized as "amorphous" challenges to the "adequacy" of mental health care; rather, they are discrimination claims based on the allegations that they are denied access to the very community-based placements the DCF provides to the non-disabled children and youth in its care. These facts distinguish this case from the federal Medicaid Act challenge brought pursuant to §504 in *Alexander v. Choate,* 469 U.S. 287, 105 S.Ct. 712, 721, 83 L.Ed.2d 661 (1985), where the Act gave Tennessee "substantial discretion to choose the proper mix of amount, scope, and duration limitations on coverage" *Id.*, since here the DCF has a clear statutory mandate to provide clinically indicated and appropriate placement and treatment to each child in its care. The facts here are also distinguishable from those in *Traynor* and *Doe v. Pfrommer*, *supra*, on which defendants rely, since plaintiffs are not requesting a new service. *See* discussion at pages 15-17 of Plaintiffs' Memo in Opposition.

   B. <u>Defendants Have Not Established Sufficient Grounds to Justify Abstention.</u>

In claiming that plaintiffs do not understand the proper application of *Burford*[1] abstention, Defendants' Reply at p. 12, defendants attempt to use *Burford* to sidestep the gravamen of the suit, which is discrimination on the basis of disability in the provision of community-based placements to children and youth

---

[1]*Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

3

with serious mental health and behavioral issues. Defendants' assertion at page 12 that "[t]he question is whether the adjudication of this claim would be disruptive of the state's effort to direct a comprehensive scheme for community-based mental health services for children who are mentally ill", is essentially a demurrer to plaintiffs' allegations of discrimination. Next, defendants allege that "[t]he overwhelming and undisputed evidence supports the finding that the relief sought by plaintiffs would clearly interfere with the operation of the state's community mental health system." *Id.* The evidence in this case is *not* undisputed, however. *See* Plaintiffs' Local Rule 56(a)2 Statement. Second, that plaintiffs acknowledge defendants are attempting to make changes to the state's mental health services does not mean plaintiffs admit that the reorganized system will assure them and members of the putative class with equal opportunity to access the mental health services and placements the state might provide. Finally, plaintiffs' vigorously deny that an order in this case would unduly interfere with such reorganization. See Plaintiffs' Memo in Opposition at pages 28-29.

    Next, defendants' analysis of *Burford* ignores the fact that the comprehensive regulatory and judicial system that warranted abstention in that case was precisely the system those plaintiffs were trying to avoid,[2] not like here, where

---

[2]The *Burford* abstention is intended to "avoid creating an opportunity to overturn a prior state court or agency determination by seeking federal court review, thereby disrupting a state administrative apparatus." *Dittmer, supra,* 146 F.3d at 117.

what might be impacted is the state's efforts to reorganize how it provides mental health services, regardless of how comprehensive its plans might be.  *See* also discussion at pp. 26-28, Plaintiffs' Memo in Opposition.  In all four of the cases cited in defendants' Reply--*Ives v. Advanced Broad Solutions, Inc.*,[3] *American Disposal Servs.v.O'Brien*,[4] *Bethpage Lutheran Services v. Weicker*,[5] and *Does v.Mills*[6], the state systems at issue were regulatory and judicial systems which would be able to address the plaintiffs' claims. Moreover, those cases are distinguishable because none of them addresses whether a federal court should abstain from resolving plaintiffs' equitable claims raising questions of

---

[3] 2004 U.S. Dist. LEXIS 968, 2004 WL 180043 (D. Md 2004)(questions of state corporate law where the state had a system in place for regulating and adjudicating disputes concerning dissolution of state corporations);

[4] 839 F.2d 84 (2d Cir. 1988)(plaintiff, having failed to obtain the desired relief through the state's established administrative and judicial process regarding its garbage dumping license revocation, brought a second proceeding in federal court while the state court proceeding was still pending).  *American Disposal* was decided not under the *Burford* abstention, but under the "exceptional circumstances" outlined in *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny, *Telesco v. Telesco Fuel and Masons' Materials, Inc.* 765 F.2d 356(2d Cir. 1985). The exceptional circumstances warranting abstention were that the state court had already conducted five days of hearings, received extensive briefing, heard oral arguments and issued interlocutory orders regarding the issues underlying both the state and federal proceedings.

[5] 965 F.2d 1239 (2d Cir. 1992), (suit brought by a single provider challenging the reasonableness of the rates it could charge as set by the state officials did not involve any systemic challenges to the rate setting methodology and system in place was specifically created to address rate dispute such as that brought by plaintiff)

[6] 2005 U.S. LEXIS 6603, 2005 WL 900620 (S.D.N.Y. 2005)(system in place was a system of due process regulations designed to address exactly the concerns raised by plaintiffs)

discrimination on the basis of disability under federal laws. While defendants have described their efforts to develop a mental health system, they do not claim to have a system in place to regulate and adjudicate plaintiffs' claims of discrimination in defendants' provision of community based placements, and have offered no evidence of how plaintiffs' could resolve their legal claims through the mental health system described *[Defendants' Reply at 12-14]*. As there is no parallel state proceeding in this case, it does warrant abstention under either *Burford* or the doctrine of "exceptional circumstances" .

Defendants' sole response to plaintiffs' suggestion[7] that defendants had conceded that *Younger*[8] abstention is not appropriate was to claim that the latest order in Joseph's probate court matter "demonstrate[s] that an adjudication in this case <u>could</u> interfere with that pending court matter." [Defendants' Reply at 15-16] *(emphasis added).* However, the circumstances under which a *Younger* abstention may be appropriate are where federal jurisdiction has been invoked for the *purpose* of enjoining ongoing state proceedings. *Williams v. Lambert*, 46 F.3d 1275, 1282 (2d Cir. 1995) That is simply not the case here, as the plaintiffs have not sought to restrain Joseph R.'s probate court's proceedings. Likewise, defendants do not claim that the purpose of this suit is to restrain that court's

---

[7][P. SJ Opposition Brf. at 25].

[8]*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

actions or its latest order.[9] Further, since none of the three conditions required for a *Younger* abstention is present in this case,[10] this court has little or no discretion to abstain, and should not do so. *Dittmer v. City of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998).

      C. <u>Material issues of fact exist on the issue of whether plaintiffs are entitled to damages.</u>

Defendants claim that plaintiffs' demand for money damages cannot stand, citing *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn,* 280 F.3d 98 (2d Cir. 2001) Reply at p. 16.  However, while the Second Circuit did hold that proof of discriminatory animus or ill will is required for Title II damage claims brought against states, it further held that "... deliberate indifference remains the necessary showing for §504 claims..." *Id. at 115.  See also Gabel v. Board of Ed. Of the Hyde Park Central Sch. Dist.,* 368 F. Supp. 2d 313 (S.D.N.Y. 2005) (in IDEA and §504 case, summary judgment inappropriate where "District's many failures may rise to the level of gross negligence or reckless indifference sufficient to support a claim of discrimination under Section 504") *Id. at 335*.

---

[9] In fact, the most recent Probate Court order dovetails with the relief plaintiffs seek, since without the community-based placements sought in this case, there will be no such placement available for Joseph when he is ready for it.

[10] "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *The Hartford Courant Company v. Pellegrino*, 380 F.3d 83, 101 (2d Cir. 2004)(abstention not appropriate where the claims in the state and federal proceedings were quite different and the state proceeding did not afford the federal plaintiff an adequate opportunity for judicial review of his federal claims.)

On a motion for summary judgment, the non-moving party must offer such proof as would allow a reasonable jury to return a verdict in his favor". *Robertson v. Sikorsky Aircraft Corp.,* 258 F. Supp.2d 33, 34 (D. Conn. 2003) *(citations omitted).* "This court's 'function at this stage is to identify issues to be tried, not decide them.'" *Id.* Here, plaintiffs have submitted substantial evidence based on which a reasonable jury could find that the DCF acted with gross negligence or reckless indifference to Susan K's rights. Moreover, summary judgment is inappropriate on the issue of damages because defendants have produced nothing to show that the underlying facts supporting Susan K's claim for damages are not in dispute.[11]

---

[11] In fact, among other claims disputed by DCF, DCF: disputes that Susan K. had a long history of unsuccessful foster home placement and unsuccessful inappropriate long term stays in what were supposed to be temporary shelters; disputes that the reason Susan K. was not offered an appropriate community placement is because DCF had elected not to provide professionally staffed community placement for children whose emotional disabilities preclude successful placement in foster homes; disputes that DCF terminated Susan K.'s placement in Mansfield prior to moving her to a locked temporary shelter in Waterbury; disputes that Susan K's arrest at the Waterbury shelter was due to an altercation with her roommate and the staff at the shelter, and that DCF returned her to her family's house with full knowledge that her needs could not be met there and that the only viable option for housing provided to Susan K was in a loosely supervised apartment; disputes that no attempt was made to comply with the procedural protections adopted by DCF and DMHAS to ensure provision of appropriate placements for children being transferred to DMHAS; disputes that DCF induced Susan K to accept the loosely supervised apartment provided by DMHAS despite its knowledge of her fragile condition, vulnerability and need for extensive supports; disputes that it was DCF's responsibility to provide an appropriate placement for Susan K after the failure of the DMHAS placement and that it took no action to provide such a placement for her until an injunction was filed; disputes that DCF's failure to provide Susan K with a long term community based residential placement is based upon the nature of her disability and its resulting behaviors which has prevented her from fully participating in both federally funded special education program and disputes that Susan K has been irreparably and permanently harmed by DCF's failure to provide her with an appropriate community based placement, warehousing her for extended periods of time in emergency shelter, placing her in a succession of inappropriate foster homes, transitioning her into an inadequately supervised apartment contrary to her clinical needs and allowing her to remain unnecessarily in prison because of the lack of an appropriate placement. [D. Answer, ¶¶ 27, 29, 32, 33, 34, 36, 39, 41, 45]

D. <u>The "Relation Back" doctrine applies to this case.</u>

Defendants rely on *Holstein v. City of Chicago,* 29 F.3d 1145 (7th Cir. 1994), to repeat their claim that the relation back doctrine doesn't apply because the nature of this action is not inherently transitory and that there is no basis to conclude that the court "would not have had sufficient time to determine the class before the matter would become moot." Defendant's Reply at 17-18. They further claim that plaintiffs sat on their rights by not "expeditiously pursuing class certification." *Id.* But, the facts in *Holstein* are inapposite here. The plaintiff there belatedly attempted to use class certification to avoid mootness in his challenge to the city's towing statute. Plaintiffs here filed their case as a class action, and promptly submitted their Motion for Class Certification.[12] On these facts, it cannot be claimed that plaintiffs sat on their rights.

E. <u>Neither Juan F. Nor Emily J. Precludes this court from adjudicating plaintiffs discrimination claims.</u>

Defendants once again also reiterate their claims that any orders issued by this court would interfere with the court's involvement in the *Juan F.* and *Emily J.* settlement orders. Reply at 14. As discussed at length in Plaintiffs Memo in Opposition at pages 19-20, this is not the case. A recently decided case is instructive on this point. In *LV et al v. New York City Dept. Of Ed., et al,* 2005

---

[12]Class certification memo was filed on July 14, 2003; oral argument was held on December 22, 2003; post-oral argument brief filed on January 4, 2004; ruling denying motion for class cert without prejudice issued September 30, 2004; motion re-filed May, 2004, even prior to the conclusion of discovery.

WS 2298173 (SDNY), *slip op.*, the court granted class certification over the objection of state defendants who sought to exclude certain people from the class since they were also members of classes certified in other cases before the court. Concluding that the "thrust" of the actions were "distinct", *Id.*, the court noted, the fact that " ... certain plaintiffs may be entitled to the timely implementation of their IEPs ... does not mean, *ipso facto*, that they are precluded form demanding the timely implementation of their IHO orders." *Id.* Similarly, in this case, since the thrust of each of these cases is entirely distinct from each other, the protections afforded some plaintiffs under *Emily J.* or *Juan F.* should not preclude plaintiffs from also demanding that the DCF provide them with placements in a non-discriminatory manner.

III.  Conclusion

For all of the foregoing reasons, the court should deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

_____
Bet Gailor
Connecticut Legal Services
Federal Bar No. ct 01981
872 Main Street
P. O. Box 258
Willimantic, Connecticut  06226
Telephone:  (860) 456-1761, x. 111
Fax:: 860 456-7420
e-mail: bgailor@connlegalservices.org

Catherine Williams
Connecticut Legal Services
Federal Bar No. ct02059
211 State Street
Bridgeport, CT 06604
Tel: 203 336-3851, x. 111
fax: 203 333-4976
e-mail: cwilliams@connlegalservices.org

CERTIFICATION

      I certify that a copy of the foregoing Sur-Reply Memorandum was mailed, postage prepaid, to the following counsel of record on the 18th day of November, 2005:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Carolyn Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515

                              _____
                              Bet Gailor