UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated; <br><br> JEANNE MILSTEIN, CHILD ADVOCATE OF THE STATE OF CONNECTICUT <br> *Plaintiffs,* <br><br> VS. <br><br> CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and <br><br> DARLENE DUNBAR, in her official capacity as Commissioner of the Connecticut Department of Children and Families <br> *Defendants.* | <br><br><br><br><br><br><br><br><br><br> CIV NO. 302CV429 (RNC) <br><br><br><br><br><br><br><br> DECEMBER 8, 2005 |

**OBJECTION TO MOTION TO EXCLUDE EVIDENCE**

The plaintiffs in this action have filed a motion to exclude evidence, claiming that they are unable to obtain documentary evidence needed to rebut the claims made in a July 21, 2005 motion for summary judgment submitted by the defendants. The plaintiffs assert that because they were "denied discovery" in that the defendants failed to supplement responses submitted as part of the discovery

process, this court, in considering the motion for summary judgment, should exclude "any facts that were not disclosed to plaintiffs in accordance with Rule 26(e)."

The defendants contend that the motion to exclude is without merit and should be denied. The defendants have failed to identify what evidence must be excluded, notwithstanding that most of the facts they are challenging were not part of *any* discovery request. As previously explained to this court in defendants' reply to plaintiffs' objection to motion for summary judgment, there is hardly any overlap between the evidence relied on by the defendants and the plaintiffs' discovery requests. To the extent that the plaintiffs contend that they are entitled to supplemental discovery, they have a duty to accurately identify what information has not been forthcoming that was specifically requested.

Furthermore, if the court concludes that further supplementation is required, then the court, in the exercise of its discretion, should not exclude evidence, but rather should delay addressing the outstanding motion for summary judgment until such time as the additional discovery is provided and the plaintiffs have an opportunity to submit supplemental briefs.

**A. The plaintiffs have failed to identify the facts referenced in the motion for summary judgment that were not disclosed through discovery.**

Fed. R. Civ. P. 26(e)(1) establishes "a duty [of a party] to supplement at appropriate intervals its disclosure if the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." In the present case, the defendants complied with the initial discovery requests and also provided supplemental disclosure in 2004.

In their motion to exclude evidence, the plaintiffs claim that under F.R.C.P. Rule 37(c)(1), this court should not consider certain disputed evidence in the defendants' local rule 56(a)2 statement because the evidence was not previously disclosed through the supplemental discovery process.

2

However, they fail to identify what specific discovery request was not supplemented. They assert that this major omission "is irrelevant," but, without advising the court in what way the defendants have failed to meet their discovery obligations, the plaintiffs cannot show that the rule even applies. The fact that there are "42 material issues of fact in dispute" surely does not address this issue – for if the request for that information was never made, then the defendants cannot be faulted, or penalized, for failing to provide the information.

A review of the evidence in question will show that in the vast majority of instances, the information was never requested by the plaintiffs and therefore there was no basis to supplement the original discovery response. For example, the plaintiffs assert that they had no access to performance based contract data; yet they fail to point out what specific discovery request would have required the defendants to provide that information. A review of the two motions for disclosure will show that the plaintiffs never asked for that data.

In fact, in at least 59 instances[1], the plaintiffs challenge evidence offered by the defendants in their Rule 56(a)2 statement, because they claimed the defendants never provided the information through discovery; yet in each instance the information was *never requested*. The defendants should not be penalized for failing to disclose information which they had no duty to disclose.

---

[1] In the following paragraphs, the plaintiffs claimed that they could not reply because of the defendants' failure to submit discovery; yet none of these statements covered information sought in discovery: ¶¶ 35, 36, 37, 71, 74, 75, 77, 78, 80, 82, 105, 106, 110, 112, 114, 116, 128, 129, 141, 142, 144, 145, 146, 147, 150, 157, 162, 163, 164, 165, 166, 167, 177, 182, 183, 185, 191, 192, 193, 195, 200, 203, 212, 213, 217, 220, 221, 223, 228, 229, 230, 231, 232, 233, 242, 245, 246, 247, 248.

3

## B. The court may consider other options besides exclusion of evidence, if the court determines that discovery should have been supplemented.

Even if the defendants did fail to properly supplement discovery before filing their motion for summary judgment, this court has discretion to determine what, if any, relief is warranted. Preclusion of evidence is a "drastic remedy" to be imposed "only in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal rules of Civil Procedure." *Ward v. National Geographic Society,* 2002 U.S. Dist. LEXIS 310 at *2 (S.D.N.Y. 2002). Excluding evidence "can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." *Ward,* citing *In re Kreta Shippin, S.A.,* 181 F.R.D. 273, 277 (S.D.N.Y. 1998).

In *Hein v. Cuprum, S.A. deC.V. and Hechinger Co.,* 53 Fed. App. 134, 2002 U.S. App. LEXIS 24676 ($2^d$ Cir. 2002), the Second Circuit explained that the imposition of sanctions for failure to comply with discovery mandates is left to the discretion of the trial court and that as long as the court takes "steps to erase whatever prejudice may have been created by the nondisclosure," then there is no abuse of that discretion.

The Second Circuit has enumerated certain factors for the court to consider in addressing this issue: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the [evidence] (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence] and (4) the possibility of a continuance." *Softel Inc. v. Dragon Medical and Scientific Communications, Inc.* 118 F. 3d 955, 961 (2d Cir. 1997).

In the present case, the defendants's failure to further supplement the original discovery request was due to an oversight and not bad faith or callous disregard of its discovery obligations. Indeed, the

parties appear to disagree over what information was required to be supplemented and therefore the defendants cannot be entirely faulted for the problem.

The relief that the plaintiffs is seeking – namely the exclusion of *all* challenged evidence offered by the defendants in the motion for summary judgment is draconian and clearly not justified. Indeed, the fact that the great majority of challenged Rule 56(a)2 statements were *never the subject of any discovery request* indicates how unreasonable the plaintiffs' request is.

Moreover, it is difficult to ascertain how exactly the plaintiffs were harmed as they have not explained how the defendants' failure to further supplement the discovery request had a direct bearing on their ability to respond to the motion for summary judgment. This is particularly troublesome because an analysis of the plaintiffs' responses to the defendants' local rule 56(a) statement shows in at least 59 instances where that the plaintiffs claimed they could not respond because of the alleged failure of the defendants to disclose the information through discovery, the information cited was *never requested!*

Morever, the plaintiffs discount the fact that the DCF posts reports and data on its web page; considerable information regarding placements is available on the DCF website, and therefore equally accessible to both parties. *See, e.g.* **http://www.state.ct.us/dcf/Research_Stats/statistics_index.htm**. In fact, the plaintiffs themselves relied on that data in responding to the motion for summary judgment. *See,plaintiffs' response to ¶ 152 of the defendants' Rule 56(a)2 statement.*

Finally, this court may consider the possibility of continuance in order to remedy the problem and assure the plaintiffs are provided with the supplemental discovery they claim is needed to respond to the motion for summary judgment. A New Jersey district court recently addressed this issue in a similar case. In *In re Mercedes-Benz Anti-trust Litigation*, 225 F.R.D. 498 (D.N.J. 2005), the question

5

presented was whether the court should disregard evidence presented by way of affidavits submitted with a motion for partial summary judgment when the affidavits were prepared by witnesses who had not been previously disclosed by the defendants. The court weighed factors of prejudice to the plaintiffs, their ability to cure the prejudice, the likelihood of disrupting the trial and bad faith or willfulness involved in not complying with discovery. In that case, the court concluded that the overriding consideration was the ability to cure any prejudice – namely the court provided the plaintiffs with the opportunity to depose the witness, at the defendants' expense, and then file supplemental briefs. "By allowing this additional discovery to take place in an expedited fashion, plaintiffs are given the opportunity to remedy any prejudice to them ... while avoiding delays and the exclusion of important evidence." *Id at 508*.

In the present case, although there is ample basis to conclude that any failure to supplement discovery was harmless, if the court concludes that the defendants should have further supplemented its discovery responses to the plaintiffs, then the most equitable response would be to allow time for the defendants to provide supplemental responses and additional time for the plaintiffs to file a supplemental brief. In this way, the court can assure neither party is prejudiced and justice can be accomplished.

Respectfully submitted,

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *[signature]*
Susan T. Pearlman
Assistant Attorney General
Federal Bar No. 06338
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5480
Fax: (860) 808-5595
Susan.Pearlman@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 8th day of December, 2005 first class postage prepaid to:

Attorney Catherine L. Williams
Connecticut Legal Services
211 State Street
Bridgeport, CT 06604
Phone: 203 336-3851
Fax: 203 333-49776

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515
Phone: 203 772-6680
Fax: 203 772-2194

Attorney Bet Gailor
Attorney Anne Louise Blanchard
Connecticut Legal Services
872 Main Street
Willimantic, CT 06226
Phone: 860 451761
Fax: 860 456-7420

_____
Susan T. Pearlman
Assistant Attorney General