UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

W.R., individually and on behalf of her minor
son, JOSEPH R.; SUSAN K.; M.O., individually
and on behalf of her minor son, OMAR S.; and on
behalf of all others similarly situated, and

JEANNE MILSTEIN, CHILD ADVOCATE OF
THE STATE OF CONNECTICUT

PLAINTIFFS

V.                                                              CIV. NO. 302CV429
                                                                (RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES, and
DARLENE DUNBAR, in her official capacity as        December 21, 2005
Commissioner of the Connecticut Department of
Children and Families,

DEFENDANTS

Plaintiffs' Reply Memorandum to Defendants' Objection
to Plaintiffs' Motion to Exclude Evidence

I  Introduction

Defendants object to Plaintiffs' Motion to Exclude Evidence dated November 18, 2005 on several grounds. First, they repeat their argument that there is no overlap between plaintiffs' discovery requests and evidence relied upon by defendants in their motion for summary judgment. (DCF Objection at 2-3) Next, they claim that plaintiffs never specifically requested the data upon which defendants' relied in their Local Rule 56(a)(1) statement, and, finally, that plaintiffs didn't explain how defendants' failure to supplement discovery requests has a bearing on their ability to respond to the Motion for Summary Judgment. (Id. at 3-4) Each of these objections has already been addressed by plaintiffs' in their Sur-reply Memorandum in Opposition to Defendants' Motion for

Summary Judgment dated (Document No 100) [1] The additional case law cited by defendants in their Objection is addressed herein

II  Argument

A. Defendants have failed to articulate a substantial justification warranting an exception to Rule 37(c)(1)'s automatic preclusionary sanction.

There are only two circumstances in which the trial court has discretion to admit non-disclosed material: where the non-disclosing party had "substantial justification" or the nondisclosure was harmless; otherwise, Rule 37(c)(1)'s preclusionary sanction for non-disclosed evidence is automatic  (See discussion at pages 2-4 of Plaintiffs' Memorandum To Exclude Evidence)  Just as they did in their Reply Memorandum, defendants here fail to provide the court with substantial justification for their non-disclosure  Rather, they merely repeat that their disclosure was due to an oversight, and insist that the information plaintiffs seek is readily available on the DCF website. However, defendants' failure to amend prior responses pursuant to Rule 26(e)(2) was not a simple one-time event such that it could attributed to oversight. Even when asked by plaintiffs to provide additional documentation, defendants only supplemented their responses on one occasion, and those responses were incomplete. (See Plaintiffs' Letter and e-mail to Attorney Pearlman, Attachments C and D)  In addition, as stated previously in Plaintiffs' Memorandum in

---

[1] Plaintiffs addressed these issues on pp 4-7 of their Memorandum in Support of Exclusion of Evidence (Document No 98). Plaintiffs originally requested the information in Interrogatories filed June 20, 2003 and July 13, 2003 (Attachments A & B)

2

Opposition to Summary Judgment, and in their Sur-reply, plaintiffs have availed themselves of the information contained on the DCF website; however some of the critical information plaintiffs are seeking in order to refute defendants' fundamental alteration defense is not on the website. And, of course, no internal documentation relating to the development of residential placements, *etc* would be on the website at all. Defendants have been aware since the start of discovery in 2003 that plaintiffs wanted to obtain information pertaining to the therapeutic group homes that defendants were developing. A written request from plaintiffs to defendants addressing this issue specifically was sent on April 15th, 2204 and an e-mail was sent July 23, 2004 (*See* Attachments C and D) At the deposition of Karen Synder, Chief of Operations/Assistant Commissioner of Department of Children and Families, counsel for plaintiffs specifically inquired whether she was aware of the DCF's ongoing obligation to provide discovery. (*See* Attachment E, deposition excerpts from Snyder Transcript of April 14, 2004, ) Still, no information has been received to date

Defendants urge the court to deny plaintiffs' motion to exclude undisclosed discovery on the grounds that their failure to disclose was not done in bad faith or with callous disregard for the federal rules, *citing Ward v. National Geographic Society*, 2002 WL 27777 (S.D.N.Y. 2002) (DCF Objection at p. 4) There is no binding precedent in the Second Circuit that requires a district court to apply a bad faith requirement to Rule 37(c)(1). In fact, the Second Circuit specifically declined to apply a "bad faith or callous disregard standard to Rule 37(c)(1) *See* citations at fn 1, p. 3, of Plaintiffs Memorandum

3

To Exclude Evidence

While the district court in *Ward* did, as defendants note, apply a bad faith standard, Defendants Objection at 4, closer examination reveals that *Ward* relied on a series of cases that were decided prior to Rule 37(c)(1)'s amendment to the federal rules. In those cases, the courts derived their authority to preclude evidence from Fed. Rule Civ. Proc. 37(b)(2), which provides that, "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just." Thus, whereas Rule 37(b)(2) "clearly leaves decisions regarding preclusion of evidence to the court's discretion", Rule 37(c)(1) leaves court discretion only in two areas: a review of whether substantial justification exists and harmlessness.[2] *Design Strategies, Inc. v. Davis*, 367 F.Supp.2d 630, 634 (SDNY 2005).

B. <u>Defendants fail to establish that their non-disclosure was harmless</u>

"Even in the absence of a substantial justification for the failure to disclose, Rule 37(c)(1)'s automatic sanction does not apply unless the failure results in harm to the opposing party". *Design Strategies*, 367 F.Supp.2d at p. 635. *See also CSC Holdings, Inc. v. Berube*, Slip Op. 2004 WL 333541331 (EDNY 2004) (defendant's' failure to disclose wife as a witness and inclusion of her affidavit in summary judgment was harmless, therefore motion to strike the affidavit was denied); *But see Sealed Plaintiff #1 v. Sealed Defendant #1*, 221 F.R.D. 367, 369 (NDNY 2004) (denial of request for

---

[2] As noted in Plaintiffs' Memorandum To Exclude, p. 3, the burden of proving substantial justification rests with the dilatory party.

extension to disclose additional expert witness, resulting in preclusion of testimony, clearly erroneous)

Federal Rule 37(c)(1) does not define harmless, nor does the Second Circuit have precedent defining harm in the context of Rule 37(c)(1). Nonetheless, the Second Circuit's consideration of what constitutes harm under the rule suggests that a court's discretion in finding harmfulness be construed in terms of whether "whether the harm may be easily cured without inconveniencing the parties so as to prevent manifest injustice."

Two Second Circuit cases construing Rule 37(b)(2) are instructive on this point. In *Softel, Inc., v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955 (2d Cir. 1997), the court considered the following factors when reviewing a district court's order precluding the testimony of an expert witness

> [i]n determining whether a district court has exceeded its discretion, we consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance

*Id.*, 118 F.3d at 961. In *Softel*, the court held that the district court did not abuse its discretion by precluding testimony of an expert witness, noting the importance of "expeditious management of discovery schedules", especially in highly technical cases. *Id.* at 962.

The Second Circuit also addressed the issue of whether the breach of a discovery obligation under Rule 37(b)(2) was harmless in *Residential Funding Corp. v. DeGeorge Financial Corp*, 306 F.3d 99 (2d Cir. 2002). In this case, the Second Circuit held

5

> where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial (at the expense of the party that breached its obligation), to declare a mistrial if trial has already commenced, or to proceed with a trial with an adverse inference instruction;(2) discovery sanctions, including an adverse inference instruction, may be imposed where a party has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence

*Id.* at 113. Both of these Second Circuit cases essentially address the issue of harm. In other words, if the effects of the non-disclosure are easily rectified, no harm results, thereby resulting in an exception to Rule 37(c)(1)'s exclusionary mandate.

In this case, plaintiffs would be harmed if the court were to consider non-disclosed evidence in ruling on the Motion for Summary Judgment. First, as discussed in Plaintiffs' Memorandum to Exclude Evidence at p. 6-7, much of the evidence upon which defendants rely in their Rule 56(a)(1) statement is relevant to the issue of defendants' fundamental alteration defense. Having been denied the opportunity to obtain discovery on those matters seriously prejudices plaintiffs' case. In addition, if the court were to order the parties to re-engage in discovery now, five months after the close of discovery, as defendants suggest, by merely granting time for defendants to provide supplemental responses and for plaintiffs to file a supplemental brief, (DCF Objection at p. 5), the resulting delay would result in harm to plaintiffs.[3]

---

[3] Between 2003 and July 2005, the parties engaged in a lengthy discovery process, during which the parties jointly requested three extensions of discovery time lines due to the complexity of the suit. Discovery under the extended scheduling order in this case concluded in July, 2005.

Defendants' request on p. 2 of their Objection that the court permit defendants to rely on the voluminous documents it failed to disclose in discovery and to simply extend litigation deadlines so plaintiffs can respond will significantly delay resolution of this case. The discovery time period extended well beyond the ordinary six month discovery time frame and has been closed for an additional five. If the court were to grant defendants' request, plaintiffs would need additional discovery to address the new evidence DCF disclosed for the first time in summary judgment to establish its fundamental alteration defense. Such additional discovery would prolong this case even further, simply because defendants without substantial justification failed to comply with their discovery obligations.

In sum, since defendants failed to establish substantial justification and their non-compliance is not easily remedied, exclusion of evidence is a mandated sanction under Rule 37(c)(1). The defendants' only explanation for their failure to comply was oversight, but, as discussed, *supra*, even knowing that plaintiffs are seeking on-going discovery, defendants have failed to produce it. Next, the evidence plaintiffs seek is critical not only to prove their discrimination claims, but, also, to rebut defendants' fundamental alteration defense. Plaintiffs are completely dependent upon this information. As discussed above, requiring plaintiffs to engage in further extensive discovery would prejudice plaintiffs by delaying their case inordinately. [4]

---

[4] Defendants rely on a Third Circuit decision, *In re Mercedes-Benz Anti-Trust Litigation*, 225 FRD 498 (D. NJ 2005) to urge the court to consider a continuance

7

The fact that defendants' request would substantially prolong this case distinguishes this case from the facts in *Ward*, cited by defendants. In that case, prior to the close of discovery, plaintiff had requested that a letter be precluded pursuant to Rule 37(c)(1) because the defendant had failed to disclose it to plaintiffs. The court noted that the plaintiffs had failed to show that Rule 37(c)(1) even applied to defendant's conduct, since at the time that suit was brought, defendants had no duty to make initial disclosures, and, thus, had no duty to supplement. Similarly, the present case is also distinguishable on its facts from the other case defendants cite, *see In re Kreta Shipping, S.A.*, 181 F.R.D. 273 (SDNY 1998). In that case, a party had failed to disclose expert testimony in violation of Rule 26(a)(2)(B)'s disclosure requirements. The district court found that "a sanction lesser than exclusion" of expert testimony was just where the "slight inconvenience to their opponent is outweighed by the need to do substantial justice", and where the non-disclosing party could " . cure their disclosure failures without prejudice to *Kreta* other than a short delay in calling this case for trial". *Id.* at 277.

Here, defendants provided over 300 pages of evidence, much of which plaintiffs only

---

to permit supplemental discovery. In that case, the court concluded that non-disclosure of summary judgment affidavits was a harmful and willful failure to disclose. Nonetheless, the court determined the appropriate sanction was not exclusion, but to depose the witness on an expedited discovery schedule and assign the non-disclosing party the expense of the additional discovery. *Id.* at 508. *Mercedes-Benz* is neither binding precedent nor persuasive, however, since the case relied on the Third Circuit's "distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony" *Id.* at 504-505. As mentioned *supra*, the Second Circuit has no such bad faith requirement.

8

saw for the first time when reading the defendants' Local Rule 56(a)(1) Statement  As discussed above, conducting a substantial amount of additional discovery, five months after the close of discovery, would needlessly delay the litigation, prejudicing plaintiffs  The situation is far different from the narrow parameters cited by the court *In re Kreta Shipping*.[5]

C  Defendants erroneously apply a bad faith requirement to Rule 37(c)(1).

Defendants also cite to *Hein v. Cuprum*, 53 Fed. Appx 134 (2d Cir. 2002) (challenge to failure of trial court to exclude undisclosed expert testimony) for the proposition that imposition of sanctions for failure to comply with discovery is left to the discretion of the trial court and that there is no abuse of discretion so long as the court takes steps to erase whatever prejudice may have been created by the nondisclosure "  It should be noted that the Second Circuit has instructed that this decision may not be cited as precedential authority.  Additionally, in footnote 1, the Second Circuit, referencing *Ward, supra,* and other district court decisions, stated "we express no opinion as to whether a showing of bad faith is required before evidence may be excluded under Rule 37(c)(1).

Moreover, in the context of Rule 37(b)(2), the Second Circuit has held that sanctions may be imposed not only for actions taken in bad faith or involving gross negligence, but

---

[5] "  If a request to amend [an expert report] is received within a reasonable time of the submission of the initial report, and deals with narrowly limited subject matter, prejudice to opposing litigants can at times be cured by an extension of the discovery schedule, or by permitting the defense to conduct a limited, additional deposition, and/or amend its own expert report". *Id* at 278

9

also for actions resulting from *ordinary* negligence. *Residential Funding Corp., v. DeGeorge Financial Corp.*, 306 F.3d 99, 101 (2d Cir. 2002). Although *Residential Funding Corp.* is a 37(b)(2) case, the court's holding arguably suggests that the Second Circuit would be unlikely to require a bad faith requirement in a Rule 37(c)(1) in light of that rule's automatic exclusion mandate, absent a showing of both substantial justification and that the non-disclosure was harmless.

III. Conclusion

For the foregoing reasons, plaintiffs respectfully request the court to exclude the documents identified in Plaintiffs' Motion and Memorandum To Exclude Evidence and disclosed by defendants for the first time in its Motion For Summary Judgment.

PLAINTIFFS,

By _/s/ A L Blanchard_
Anne Louise Blanchard
Federal Bar No. ct08718
Connecticut Legal Services, Inc
872 Main Street
Willimantic, CT 06226
Tel: (860) 456-1761
Fax: 860 456-7420
Ablanchard@connlegalservices.org

Bet Gailor,
Federal Bar No ct01981
Connecticut Legal Services, Inc
872 Main Street
Willimantic, CT 06226
Tel: (860) 456-1761
Fax: 860 456-7420
Bgailor@connlegalservices.org

Catherine L Williams
Federal Bar No. ct02059
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604
Tel: (203) 336-3851
Fax: 203 333-4976
Cwilliams@connlegalservices.org

## CERTIFICATION

I certify that a copy of the foregoing Reply Memorandum was mailed, by United States mail, postage prepaid, on December 21, 2005 to:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

Carolyn Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515

Anne Louise Blanchard