# ATTACHMENT A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * * * * * * *

W.R., individually and on behalf of her minor son,
JOSEPH R.; SUSAN K.; M.O., individually and on
behalf of her minor son, OMAR S.; and on behalf
of all others similarly situated

    PLAINTIFFS

VS.                                                                                   CIV. NO. 302CV429 (RNC)
CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES, and

CHRISTINE REGALIA, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families

    DEFENDANTS                                                    June 20, 2003

* * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

**PLEASE TAKE NOTICE** that you are hereby required, pursuant to Fed.R.Civ.P. 33, as amended, to serve upon the undersigned a copy of your individual answers and objections, if any, in writing and under oath to the following interrogatories related to class certification within thirty (30) days after service of the interrogatories. The answers should be inserted in the space provided. If there is insufficient space to answer an interrogatory, the remainder of the answer should follow on a supplemental sheet.

These shall be deemed to be continuing interrogatories. If, between the time of your answers and the time of the trial of this case, you or anyone acting on your behalf learn of further information not contained in your answers, you shall promptly furnish said information to the undersigned by supplemental answers.

## INSTRUCTIONS

The following instructions and definitions form an integral part of these interrogatories, and the interrogatories are to be read in accordance with these instructions and definitions.

I. "Document":

The term "document" means any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, and includes, but is not limited to:

(a) all contracts, agreements, representations, warranties, certificates, opinions,

(b) all letters or other forms of correspondence or communications, including envelopes, notes, telegrams, cables, telex messages, messages (including reports, notes, notations and memoranda of or relating to telephone conversations or conferences),

(c) all memoranda, reports, test results, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical records, compilations,

(d) all desk calendars, appointment books, diaries,

(e) all books, articles, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals,

(f) all minutes or transcripts of all meetings,

(g) all photographs, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained.

II. "Communications":

The term "communication" means not only oral communications but also any "documents" (as such terms in defined in paragraph I above), whether or not such document or the information contained therein was transmitted by its author to any other person.

III. "Identify", "Identity" or "Identification":

A. When used in reference to a natural person, the terms "identify", "identity" or identification" mean to provide the following information:

    (i) full name;

    (ii) present or last known business and residence addresses;

    (iii) present or last known business affiliation; and

    (iv) present or last know business position (including job title and a description of job functions, duties and responsibilities).

B. When used with reference to any entity other than a natural person, state;

    (i) its full name;

    (ii) the address of its principal place of business;

    (iii) the jurisdiction under the laws of which it has been organized or

        incorporated and the date of such organization or incorporation;

(iv)    the identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referenced to;

(v)    in the case of a corporation, the names of its directors and principal officers; and

(vi)    in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

C.    When used in reference to a document, the terms "identify", "identity" or "identification" mean to provide the following information:

(i)    the nature of the document (e.g. letter, contract, memorandum) and any other information (i.e., its title, index or file number) which would facilitate in the identification thereof;

(ii)    its present location and the identity (as defined in Paragraph III(A) hereof) of its present custodian or, it its present location and custodian are not known, a description of its last known disposition;

(iii)    its subject matter and substance or, in lieu thereof, annex a legible copy of the document to the answers of those interrogatories;

(iv)    the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) Or who has

any knowledge; and

(v)   if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity (as defined in paragraph III(A) hereof) of the person(s) responsible for the document no longer being in existence and of its last custodian.

D.   When used in connection with an oral communication, the terms "identify", "identity" and "identification" mean to provide the following information:

(i)   its general nature (i.e., conference, telephonic communications, etc.);

(ii)  the time and place of its occurrence;

(iii) its subject matter and substance;

(iv)  the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection herewith or who has any knowledge thereof together with a description of each such person's function, role, or knowledge, and

(v)   the identity (as defined in paragraph III(C) hereof) of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof.

IV   "Describe" or "Description":

A.   When used with respect to any act, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference,

discussion, development, service, transaction, instance, incidence or event, the terms "describe" or "description" mean to provide the following information:

    (i)    its general nature;

    (ii)    the time and place thereof;

    (iii)    a chronological account setting forth each element thereof, what such element consisted of and what transpired as part thereof;

    (iv)    the identity (as defined in paragraph III(A) hereof) of each person who performed any function or had any role in connection therewith (i.e., speaker, participant, contributor or information, witness, etc.) Or who had any knowledge thereof together with a description of each such person's function, role or knowledge;

    (v)    the identity (as defined in paragraph III(C) hereof) of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

    (vi)    the identity (as defined in paragraph III(D) hereof) of each oral communication which was a part thereof or referred thereto.

B.    When used in connection with any calculation or computation, the terms "describe" or description" mean to provide the following information:

    (i)    an explanation of its meaning (including the nature, source

and meaning of each component part thereof);

(ii) an explanation of the manner in which it was derived;

(iii) the identity (as defined in paragraph III(A) hereof) of each person who performed any function with respect thereto and a description of his function;

(iv) the identity of each document (as defined in paragraph III(C) hereof) which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and

(v) the identity (as defined in paragraph III(D) hereof) of each oral communication which occurred in the course of the preparation thereof or which referred thereto.

V. "Factual basis":

The term "factual basis" means (A) set forth each item of information upon which the allegation, contention, claim or demand to which it pertains is based, and (B) with respect to each such item of information, identify each person having knowledge thereof and identify and describe (as defined in paragraph III and IV hereof) each source thereof including but not limited to each document, oral communication, act, action, activity, accounting negotiation, practice, process, occurrence, occasion, course of conduct, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, calculation and computation upon which you rely with respect thereto.

VI. "Relates to" or "thereto":

The terms "relates to" or "thereto", relating to" or "thereto" when used in connection with any act, action, activity, accounting practice, process, occurrence, occasion, course of conduct, contractual provision or document, happening, relationship, scheme, conference, discussion, development, service, instance, incident, event, etc., means used or occurring or referred to in the preparation therefore, on in the course thereof, or as a consequence thereof, or referring thereto.

VII. <u>Answer by Reference to Documents:</u>

If any interrogatory is answered by reference to a document or group of documents, with respect to each such interrogatory answer, identify (as defined in paragraph III(C) hereof) the specific document or documents containing the requested information.

VIII. <u>"Person":</u>

The term "person" means all natural persons, corporations, partnerships or other business associations, public authorities, municipal corporations, state governments, local governments, all governmental bodies, and all other legal entities.

IX. <u>"You" or "Your":</u>

the terms "you" or "yours" shall be deemed to refer to Defendants.

X. The purpose of these interrogatories is not to place any unfair burden on the defendants, but rather the purpose is to obtain all information that will be used at trial. The defendants need only provide as many examples to support any particular claim as they intend to use at trial. If defendants intend to only refer to one example at trial, they need only state such example here. If Defendants intend to introduce more than one

example, then they need to state all examples here.

The plaintiffs realize that defendants may argue that they are only presenting representative examples at trial plaintiffs are entitled to know what representative examples will be used in order for them to prepare their defense.

For each individual identified as a witness by defendants, (see attached copy of defendants identified witnesses):

1. Provide their current job title and any employment history with DCF.

2. Identify each separate subject area in which each witness is expected to testify including DCF's fiscal status, range and specific nature of residential placements DCF provides, effect of institutional placements on residents, effect of long term hospitalization on residents, benefits of community placements, obstacles to the provision by DCF of community placements, nature and limitations of various types of foster home placements DCF provides, and the comparative fiscal cost of different types of residential placements DCF provides.

3. Provide the substance of the testimony on each of the above identified subject areas from each witness.

4. Please describe the factual basis and identify all documents upon which each witness will rely upon in his/her testimony.

5. Please provide any reports, statements, memorandum or testimony DCF has obtained from any person concerning issues related to the range and specific nature of residential placements DCF provides, effect of institutional placements on residents, effect of long term hospitalization on residents, benefits of community placements, obstacles to the provision by DCF of community placements, nature and limitations of various types of foster home placements DCF provides, and the comparative fiscal cost of different types of residential placements DCF provides.? If so, state:

    a. the name, address and present whereabouts of each person:

    b. where and when each such report, statement, memorandum, or testimony was obtained or made;

    c. by whom; and

    d. whether each is oral or written, signed or unsigned.

    e. the specific contention for which you believe such report, statement, memorandum, or testimony is probative.

6. Identify all persons who assisted in the preparation of answers to these interrogatories and state the specific interrogatory(ies) which each person provided assistance in answering.

### REQUEST TO PRODUCE (INSTRUCTION)

If the defendants refuse to answer and/or objects to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

Where exact information cannot be furnished, estimated information should be supplied to the extent possible. Where estimation is used, the same should be so indicated, and an explanation given as to the basis upon which the estimate was made.

Each document produced must be labeled to indicate to which request for production it is responsive.

If a document responsible to any request has been lost, mutilated or destroyed, so state; identify such document and state to which request(s) the document would have been responsive.

If there are no such documents in the defendants' custody or control with respect to a particular request for production, so state.

If any document falling within the scope of any request for production is withheld under a claim of privilege, so state and identify such document, state to which request(s) it would have been responsive, and include information as to the date of the

document, the name of the person or entity who drafted or authorized it, its title, the person or entity to whom it was addressed, sent or delivered, and state the ground(s) on which such document is considered to be privileged from production.

"Document" or "record" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if defendants do not have custody of the original

1. Please provide all documents identified in, described in, or supporting the defendants' responses to the above Interrogatories.

By _____
Douglas Crockett, Esq.
Bet Gailor, Esq.
Anne Louise Blanchard, Esq.
Connecticut Legal Services
Federal Bar No. ct 06166
Federal Bar No. ct 01981
Federal Bar No. ct 08718
872 Main Street
Willimantic, Connecticut 06226
Telephone: (860) 456-1761
Fax:: 860 456-7420
Dcrockett@connlegalservices.org
Bgailor@connlegalservices.org
Ablanchard@connlegalservices.org

## CERTIFICATION

I certify that a copy of the foregoing Plaintiffs' First Set of Interrogatories and Request for Production was mailed, by United States mail, postage prepaid, to the following counsel of record on the 20th day of June, 2003:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Attorney John Tucker
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

_____
Douglas Crockett