UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

W.R., individually and on behalf of her minor )
son, JOSEPH R.; SUSAN K.; M.O., individually )
and on behalf of her minor son, OMAR S.; and )
on behalf of all others similarly situated, and )
)
JEANNE MILSTEIN, CHILD ADVOCATE OF )
THE STATE OF CONNECTICUT )
)
      PLAINTIFFS

CIV NO. 302CV429 (RNC)

VS.

CONNECTICUT DEPARTMENT OF CHILDREN )
AND FAMILIES and )
DARLENE DUNBAR, in her official capacity as )
Commissioner of the Department of Children and )
Families )      March 20, 2006
      DEFENDANTS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Memorandum in Support of Plaintiff Jeanne Milstein's
Motion for Joinder of Plaintiff Samuel C. under Fed. Rule Civ. P. 20(a)

I. Introduction:

      Jeanne Milstein, Child Advocate of the State of Connecticut, submits this memorandum in support of her Motion for Permissive Joinder of a Party to *WR v. DCF*, Civ. No. 302CV429 (RNC), pursuant to Fed. Rule Civ. Proc. 20(a) and Local Rule of Civ. Proc. 7(a). She also submits the Complaint of Proposed Plaintiff Samuel C.

      Proposed plaintiff Samuel C., who is now fifteen, suffered severe sexual abuse as a young child and has a long history of serious mental illness. He is currently diagnosed

with Schizoaffective Disorder, Pervasive Developmental Disorder, Post-traumatic Stress Disorder and Attention Deficit/Hyperactivity Disorder. Since the age of two, Samuel has manifested self-injurious, sexually assaultive and other unsafe behaviors that necessitated intensive therapeutic interventions. He was committed to DCF as uncared for a second time on October 2, 1998, when he was eight years old, and DCF has been his guardian and caregiver since that time. *Proposed Complaint, ¶21.*

While in the care of the DCF, Samuel has experienced multiple inappropriate placements that failed to meet his treatment needs. Between 1998 and 2003, Samuel was placed in approximately eighteen placements, including ten foster homes and therapeutic respite homes, five shelter placements, an extended stay at Riverview Psychiatric Hospital, and a residential institutional placement. Since December 11, 2003, Samuel has been placed in an out-of-state residential program where he has been subjected to repeated physical restraints. At the hands of his caregivers, Samuel has suffered repeated trauma, including further sexual molestation. In addition, his extended placement in institutions has taken its toll on his emotional and psychological development, leading a clinician at Hillcrest Educational Center to conclude that the effects of long-term institutionalization has "crystallized his identify as the 'designated patient'", a role that further complicates a young person's capacity to imagine/anticipate positive change outcomes". *Proposed Complaint, ¶48.*

The physical, psychological, social, and emotional harm Samuel has suffered over the past ten years in DCF care is a direct result of the DCF's failure to provide him with clinically appropriate treatment in community-based settings in violation of Samuel's

2

rights under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Conn. Gen. Stat. §17a-3, Conn. Gen. Stat. §17a-16, and Article First, §20 of the Constitution of the State of Connecticut. During the entire time of Samuel's commitment, DCF failed to provide him with the intensive treatment he required, exposed him to harm, including sexual assault, prevented him from making progress in his treatment goals, and isolated him from the community.

      The sad details of Samuel's history arise out of the same set of circumstances that gave rise to the claims of the other named plaintiffs in the *W.R. v. DCF* suit; namely, the systemic failure of DCF to provide clinically appropriate treatment in community-based settings to mentally ill children in its care. Like the other named plaintiffs, Samuel was placed in multiple foster home placements which failed to provide the intensive level of care he required. DCF is aware that Samuel's needs can be met in a professionally staffed community-based placement and that the overall cost of such a placement is comparable to the cost of the institutional care he has been provided. Even more importantly, DCF is aware that the intensive level of services Samuel requires can be provided in a smaller, more family-like setting in the community where he is more likely to achieve positive outcomes and learn skills necessary to live in the community as an adult. Nevertheless, Samuel remains in an institutional setting solely because DCF has not created the therapeutic group home he needs in order to transition into the community. Samuel seeks declaratory and injunctive relief, as well as damages.

II. Argument

A. <u>Plaintiff Jeanne Milstein's motion for permissive joinder on behalf of proposed plaintiff, Samuel C., should be granted because his claims arise out of</u>

3

<u>the same series of transactions or occurrences as the claims of the named plaintiffs Susan K., Omar S., and Joseph R, and there are questions of law and fact in common.</u>

F.R.C.P. 20(a) provides, in pertinent part,

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action…. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits." *Puricelli v. CNA Insurance*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999), *citing Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y. 1989). "The Supreme Court has recognized this policy, stating that 'the impulse [under the Rule] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Puricelli v. CNA Ins. Co.,* 185 F.R.D. at 142, *citing United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

"The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice." *Fed. Deposit Ins. Corp. v. Haines*, 179 F.R.D. 66, 68 (D. Conn. 1997), *citing Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969); *Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000), *citing Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919, 921 (S.D.N.Y.1995); *CJS Fed. Civ. Proc.* §141.

4

> Joinder of parties under rule 20(a) is not unlimited…. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. Both of these requirements must be satisfied in order to sustain party joinder under rule 20(a).
>
> *Wright & Miller, 7 Fed. Prac. & Proc. Civ.3d §1653.*

"District courts in [the 2d Circuit] have generally agreed that in exercising the discretion whether to admit new parties, 'courts first consider whether joinder would be appropriate under Rule 20 and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation.'" *Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d at 515, *citing Wyant v. National R.R. Passenger Corp.*, 881 F Supp. at 922.

"A determination of whether claims arise out of the 'same series of transactions or occurrences' is a 'flexible' standard which "enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Wright & Miller, 7 Fed. Prac. & Proc. Civ.3d §1653.* "Courts have generally adopted a case-by-case approach in determining whether plaintiffs' claims constitute a 'single transaction or occurrence' for purposes of Rule 20." *Puricelli v. CNA* at 142, *citing Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Rule 20(a) permits "all logically related claims by or against different parties to be tried in a single proceeding". *Epstein v. Kemper Insurance Co.*, 210 F.Supp.2d 308, 320 (S.D.N.Y. 2002), *citing Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y. 1989).

5

District courts in the Second Circuit have found Rule 20(a)'s requirements satisfied where plaintiffs in discrimination cases have raised similar legal issues and where the factual basis for the claims are essentially the same. In *Epstein v. Kemper Insurance Co.*, *supra*, for example, defendants filed a motion to sever, claiming that employment decisions regarding each plaintiff were based solely upon each person's individual circumstances. The court disagreed, finding that "[p]laintiffs allege similar questions of fact and law, and rely upon the same statistical and circumstantial evidence supporting their allegations of age discrimination…." *Id.* at 319.

Moreover, "[t]he presence of material dissimilarities between the substantive allegations of the joined plaintiffs does not automatically bring such claims outside the 'same transaction or occurrence' language". *Puricelli v.* CAN, 497 F.2d 1330 at 142, *citations omitted.* In *Puricelli v. CNA,* an age discrimination case brought by former employees of CNA, defendants moved to sever the claims of two plaintiffs on the grounds that they were misjoined, contending the claims neither arose out of the same transaction or occurrence nor presented common questions of fact or law and that a joint trial would cause undue prejudice and confusion. *Id*. at 140-141. The court denied the motion, holding that plaintiffs had satisfied Rule 20(a)'s requirement with respect to the same transaction or occurrence, since "[d]espite the differences in the factual underpinnings of their respective claims, plaintiffs have alleged a pattern of conduct … which discriminated against them on the basis of age." *Id*. at 143. In addition, the court found that plaintiffs had satisfied the "common question of law or fact" requirement, noting that Rule 20(a) "does not require the commonality of all questions of law and fact

6

raised in the dispute, rather, the requirement is satisfied if there is any question of law or fact common to all parties", *Id.*, citing *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1422 (S.D.N.Y. 1989).

In this case, as in *Puricelli* and *Kemper, supra,* proposed plaintiff Samuel C. has alleged precisely the same pattern of conduct by DCF as alleged by the original named plaintiffs. While certain facts, such as those relating to Samuel's individualized needs and the nature of his mental illness, are unique, such "differences in factual underpinnings", *Puricelli v. CNA, supra*, should not defeat Rule 20(a)'s "same occurrence" requirement, since the pattern of DCF's conduct toward Samuel is the same. Like the other named plaintiffs, Samuel C. was placed by DCF in a string of inappropriate foster home, shelter, and institutionalized placements where he suffered harm. Proposed plaintiff Samuel C. claims that DCF's failure to provide him with appropriate community-based placements violated his rights under the ADA, Section 504, as well as various state and federal constitutional mandates. Since Samuel C.'s claims for relief are identical to the claims of the original plaintiffs, and are based on the same pattern of conduct by DCF alleged by the original plaintiffs, he has satisfied the first two requirements of Rule 20(a).

B.  <u>Joinder of proposed plaintiff Samuel C. will not result in prejudice to defendants, and is consistent with principles of fundamental fairness, thereby satisfying the further requirements of Rule 20(a).</u>

"Even once [the requirements of Rule 20(a)] are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232

F.3d 1271, 1276 (9th Cir. 2000), *cert denied Gentile v. Quaker Oats Co.*, 533 U.S. 950, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001); *Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000). In making the determination of whether joinder is fundamentally fair or prejudicial to the non-moving party, courts in the Second Circuit balance the factors for and against joinder. In determining whether joinder is appropriate, "[t]he following factors are generally considered: "1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." (citations omitted). *Briarpatch Ltd*. 81 F.Supp. 2d. at 515.

Where plaintiffs have the same claims and have not unnecessarily delayed the proceedings and where defendants do not claim prejudice, joinder is appropriate. *Ford v. Air Line Pilots Ass'n Intern.*, 268 F.Supp.2d 271, 296 (E.D.N.Y 2003). In the instant case, joinder is appropriate because plaintiff Jeanne Milstein did not unreasonably delay the filing of her motion on behalf of Samuel C.[1] Plaintiffs have had motions for class certification pending during much of the time the suit has been pending; thus, it was not clear that joinder would be necessary to protect additional plaintiffs. The first Motion for Class Certification was filed on July 11, 2003. The court issued a ruling on September 30, 2004, denying plaintiffs' motion without prejudice. While the motion was pending, a motion for intervention was filed by a proposed additional plaintiff, Kevin P. The court denied that motion without prejudice, due to the pendency of the motion for class

---

[1] The deadline for filing motions to join parties in this case was within thirty days of a ruling on the motion to dismiss, which was dated March 24, 2003. *See* Order Regarding Case Management Plan, signed by Judge Chatigny on May 20, 2002.

8

certification. Plaintiffs filed a Second Motion for Class Certification on May 1, 2005. As of the date of filing this memorandum, the court has not yet ruled on the latter motion. In light of these circumstances, plaintiff's timing in filing the motion for joinder should not be considered "delay".

These circumstances also distinguish the instant case from cases denying motions for joinder where plaintiffs failed to request class status, and later sought to avoid mootness by adding additional plaintiffs. *See Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 144 (2d Cir. 1994) (district court did not abuse its discretion in denying plaintiffs' permission to amend their complaint by adding additional student plaintiffs who were still attending SUNY.)[2]

Courts have found joinder to be improper where the addition of additional parties would delay litigation and would open "a Pandora's box of discovery", further protracting an already protracted case. *Barr Rubber Products Company v. Sun Rubber Company*, 425 F.2d 1114, 1127 (2d Cir. 1970), *cert. denied* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). In *Fed. Deposit Ins. Corp. v. Haines*, 179 F.R.D. 66 (D. Conn. 1997), for example, Judge Covello denied defendant's motion to cite in additional

---

[2] In the underlying decision, *Fox v. Board of Trustees of the State University of New York*, 148 F.R.D. 242 (N.D.N.Y. 1993), *aff'd* 42 F.3d 135 (2d Cir. 1994), the district court vacated a prior order that had permitted plaintiffs to amend their complaint by adding additional student plaintiffs pursuant to Rule 15(a) and dismissed the complaint on mootness grounds, noting that plaintiffs could have avoided dismissal if only they had filed for class certification. See also *Menton v. Experian Corp.*, 2003 WL 21692820 (S.D.N.Y. 2003) (In Fair Credit Reporting Act case, motion for joinder denied on grounds that Rule 21 was …not enacted as a means for a party to avoid dismissal on mootness grounds." and where the facts surrounding the joiner's claim did not arise out of the same transaction.)

9

defendants for the purpose of apportioning liability due to the fact that the court had granted defendants four previous motions to join additional defendants during the previous year.

Similarly, Judge Eginton denied a defendant's motion to join additional parties in *Landmark Development Group v. JEG Holdings, Inc.*, 185 F.R.D. 126 (D. Conn. 1999), since the motion was filed on the eve of a jury trial and would prejudice plaintiff because his attorney would be disqualified from representing him. *Id*.

The above-cited cases are distinguishable from the instant case, however. Here, joinder of Samuel C. would neither result in significant delays in the litigation of this case, nor "open a Pandora's Box" of additional discovery. The Complaint of Proposed Plaintiff Samuel C. recites facts and circumstances already well-known to defendants, since Samuel C. was in custody of the Commissioner for the entire time period in which his claims arose. Since DCF is required to keep a running case narrative detailing Samuel's placement history and other facts, the defendant is already in possession of all the documentary evidence which would be used in the instant case; thus, any additional discovery would be minimal. This situation distinguishes the instant case from the above-referenced district court cases where joinder of parties would necessitate substantial discovery with respect to the facts underlying the claims of the proposed parties.

Furthermore, as of the date of filing this memorandum, there are still numerous outstanding discovery issues before the court. These issues relate to the failure of defendants to provide on-going discovery to plaintiffs with regard to the state's provision

of services to children with mental illness. *See Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment* dated September 25, 2005, and Plaintiffs' Local Rule 56(a)2 Statement of September 26, 2005. Joinder of Samuel C. would not in any way complicate these outstanding discovery issues or cause delay or other prejudice to defendants. In fact, given the complexities of discovery in the *WR v. DCF* litigation, and absent class certification, joinder of Samuel C. would prevent the duplicative and time-consuming lawsuit which Jeanne Milstein would need to file on behalf of Samuel C. if her motion were denied.

Finally, the balance of the competing interests in this case should weigh in favor of joinder where, as here, the facts alleged in Samuel C.'s complaint, which to a large extent are substantiated in DCF running case narrative, raise compelling issues which merit the court's consideration.

III. Conclusion:

Proposed plaintiff Samuel C. alleges a pattern of conduct by DCF which is precisely the conduct alleged in the *WR v. DCF* complaint, and upon which his identical legal claims are founded, thereby satisfying the "same occurrence" and "common question" requirements of Rule 20(a). Furthermore, since joinder will neither protract the litigation of this case, nor result in prejudice to defendants, joinder of Samuel C. comports with principles of fundamental fairness and will expedite the resolution of lawsuits. Therefore, Jeanne Milstein respectfully requests that her Motion for Joinder be

granted, and that the court accept the Complaint of Proposed Plaintiff Samuel C.

Respectfully submitted,

        PLAINTIFF, Jeanne Milstein, on behalf of Samuel C.,


        By:_____
        Winona W. Zimberlin
        Fed. Bar No. ct 05501
        2 Congress Street
        Hartford, CT 06114
        wzimberl@netscape.com
        Tel:   860 249-5291
        Fax:  860 247-4194

CERTIFICATION

      I certify that a copy of the foregoing Motion for Joinder was mailed, postage prepaid, to the following counsel of record on the      day of March, 2006 to:

Attorney Susan T. Pearlman  
Assistant Attorney General  
MacKenzie Hall  
110 Sherman Street  
Hartford, CT 06106  

Attorney Carolyn Signorelli  
Assistant Attorney General  
55 Elm Street  
Hartford, CT 06105  

Attorney Lori Welch-Rubin  
Engelman & Welch-Rubin, LLP  
129 Whitney Avenue, New Haven, CT 06510  

Attorney Anne Louise Blanchard  
Connecticut Legal Services, Inc.  
872 Main Street  
P. O. Box 872  
Willimantic, CT 06226  

Attorney Bet Gailor  
Connecticut Legal Services, Inc.  
872 Main Street  
P. O. Box 872  
Willimantic, CT 06226  

Attorney Catherine Williams  
Connecticut Legal Services, Inc.  
211 State Street  
Bridgeport, CT 06604  

                                                             _____  
                                                             Winona W. Zimberlin