UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated; <br><br> JEANNE MILSTEIN, CHILD ADVOCATE OF THE STATE OF CONNECTICUT <br>    *Plaintiffs,* <br><br> VS. <br><br> CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and <br><br> DARLENE DUNBAR, in her official capacity as Commissioner of the Connecticut Department of Children and Families <br>    *Defendants.* | <br><br><br><br><br><br><br><br><br><br><br><br>CIV NO. 302CV429 (RNC)<br><br><br><br><br><br><br><br>APRIL 3, 2006 |

## OBJECTION TO MOTION FOR JOINDER

The defendants, Connecticut Department of Children and Families(DCF) and Darlene Dunbar, Commissioner of DCF hereby object to the motion for joinder filed by the Plaintiff Jeanne Milstein. The motion should be denied because the proposed plaintiff's claims do not arise from the same transactions or occurrences; more importantly, the motion is very untimely and will cause substantial delay in the proceedings, which are now four years old, and prejudice to the defendants.

The proposed plaintiff, Samuel C., has been in the state's care for many years. Indeed, the attorneys representing the named plaintiffs have been Samuel's attorney in state court since at least

2000. The plaintiff Milstein alleges that that DCF "failed to provide him with the intensive treatment he required, exposed him to harm...prevented him from making progress in his treatment goals, and isolated him from the community." (Brief, p. 3). The plaintiff Milstein further alleges that "Samuel remains in an institutional setting solely because DCF has not created the therapeutic group home he needs in order to transition into the community." *Id.* The defendants dispute these allegations.

**1. The proposed plaintiff should not be allowed to join this action because his allegations are different from the allegations of the other named plaintiffs.**

The proposed plaintiff claims that he should be permitted to join this action, under F.R.C.P. §20(a), which authorizes permissive joinder when a plaintiff asserts "any right to relief...in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action..."

Here, the proposed plaintiff does not contend that his claims arise out of the same transactions or occurrences and acknowledges that different facts are involved with his case compared to the originally-named plaintiffs; rather his assertion is that a similar "pattern of conduct" is involved and he is claiming similar relief. However, the case already before this court is significantly different in that the case is now moot with respect to two of the originally-named plaintiffs and premature with respect to the other plaintiff – as explained in the state's pending motion for summary judgment, two plaintiffs, Susan K. and Omar S., are no longer seeking a group home from DCF and the other, Joseph R. will be placed in a group home when both he and his therapist agree that he is ready for such a placement. (See Motion for Summary Judgment, pp. 14- 15, 21-22). Because very different legal and factual questions would be presented if the proposed plaintiff is allowed to join, this court should deny the motion for joinder.

**2. The defendants will be prejudiced and the proceedings will be unduly delayed if joinder is permitted.**

"A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a "Pandora's box" of discovery." *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F. 2d 1114, 1127 (2d. Cir). Cert. denied, 400 U.S. 878 (1970). In the present case, it is clear that the defendants will be prejudiced and substantial delay will result from the granting of the pending motion.

The proposed plaintiff is trying to join this action at the 11th hour, long after court deadlines for such a motion has passed, long after discovery deadlines have passed, and after the parties have filed and are awaiting the court's decision on a series of substantial motions. The proposed plaintiff has offered no explanation why, *after four years,* the motion for joinder is now being profferred. In particular, because the proposed plaintiff has been represented for at least the last six years by counsel for the originally-named plaintiffs, Connecticut Legal Services, the proposed plaintiff was clearly known to such counsel and could have been included when the action was first filed. Furthermore, the plaintiff Milstein represented *in 2003* when she was permitted to intervene in this action that she "has made investigation and has determined that substantial numbers of disabled children …are denied community-based residential placements" (Memorandum in Support of Motion to Intervene, April 23, 2003), yet she failed to bring this child to the attention of the court until now.

Adding to the confusion is the fact that if the proposed plaintiff is permitted to join this action, counsel for the originally-named plaintiffs may become witnesses in the action, to explain their actions and participation in state court and administrative proceedings involving placement decisions for the proposed plaintiff. This unnecessary complication can be avoided by denying the motion for joinder. *See, e.g. Landmark Development Group v. JEG Holdings, Inc.* 185 F.R.D. 126, 128 (1999).

Furthermore, the motivation for filing the motion for joinder at this time is transparent - to avoid the court's dismissal of the pending action as moot or premature. But these issues were known to the plaintiffs at least as early as last summer, after the defendants filed their motion for summary judgment.[1] There is no explanation why the plaintiff Milstein waited so long to file this motion.

Most critically, allowing a whole new set of circumstances involving the proposed plaintiff to be joined to this action at this late date will cause significant prejudice and harm to the defendants in that more discovery will need to be conducted, including depositions of Samuel's potential witnesses, since it is a fair assumption that he will not be relying on the same evidence as the named plaintiffs at trial. A new motion for summary judgment will be necessary as well.

The proposed plaintiff clearly recognizes these hurdles which must be overcome but asserts that because he has been in the state's custody, additional discovery would be mininal – this is patently untrue in that the defendants do not know what witnesses he might call, what they might say and what additional evidence the proposed plaintiff will be presenting. The fact that Samuel has been in the state's care for many years, with a multitude of placements and service providers will make the discovery process more complicated.

Moreover, the proposed plaintiff totally disregards the advanced stage of this four-year old case and ignores the impact joinder would have on the pending motions. At the very least, a revised motion for summary judgment will be required, which in itself is a major undertaking. Until the defendants conduct discovery and review DCF records, it is not clear what additional defenses or issues should be raised. Clearly the resolution of the pending case will be substantially and unnecessarily delayed.

---

[1] The plaintiffs were aware of concerns for mootness when they filed their second motion for class certification in May, 2005, eleven months ago.

4

The plaintiffs assert that the delay in filing was because Milstein did not know whether the plaintiffs' motion for class certification would be granted. But no motion for class certification was pending from September 30, 2004 when this court ruled on the first motion for class certification, until May 1, 2005, when the second motion for class certification was filed; moreover the fact that a motion for class certification is pending doesn't preclude a motion for joinder from being filed nor does it excuse the plaintiff Milstein from pursuing relief on behalf of Samuel during the four years that the case has been pending.

Finally, the proposed plaintiff urges this court to grant the motion for joinder because of the "compelling issues" raised by the allegations. However, the merits of the allegations should not be considered by the court in determining whether joinder should be permitted. Even if the court were to consider the allegations, bcause there has been no request for preliminary injunctive relief and granting the motion for joinder would have a detrimental impact on the *other* plaintiffs in delaying any relief they may be entitled to, the court should conclude that the prejudicial effect of permitting joinder outweighs any other consideration.

For all the above-stated reasons, the defendants request the motion for joinder be denied.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *(signature)*
Susan T. Pearlman
Assistant Attorney General
Federal Bar No. 06338
110 Sherman Street
Hartford, CT 06l05
Tel: (860) 808-5480
Fax: (860) 808-5595
Susan.Pearlman@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 4th day of April, 2006 first class postage prepaid to:

Attorney Catherine L. Williams
Connecticut Legal Services
211 State Street
Bridgeport, CT 06604
Phone: 203 336-3851
Fax: 203 333-49776

Attorney Winona W. Zimberlin
2 Congress Street
Hartford, CT 06114
Tel:860-249-5291
Fax: 860-247-4194

Attorney Bet Gailor
Attorney Anne Louise Blanchard
Connecticut Legal Services
P.O. Box 258
Willimantic, CT 06226
Phone: 860 451761
Fax: 860 456-7420

Attorney Lori Welch-Rubin
129 Whitney Avenue
New Haven, CT 06515
Phone: 203 772-6680
Fax: 203 772-2194

Susan T. Pearlman
Assistant Attorney General