UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated et al | CIV. NO. 302CV429RNC |
|     PLAINTIFFS | |
| | April 20, 2006 |
| VS. | |
| CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and | |
| DARLENE DUNBAR, in her official capacity as Commissioner of the Connecticut Department of Children and Families | |
|     DEFENDANTS | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF JEANNE MILSTEIN'S REPLY TO DEFENDANTS' OBJECTION TO JOINDER

**I. Introduction**

    In their Objection to Motion for Joinder dated April 3, 2006, defendants argue that plaintiff's motion for joinder should be denied on three grounds: that plaintiff's claims do not arise from the same transactions or occurrences as those of the original plaintiffs; that joinder would be prejudicial to defendants; and that the motion is untimely. None of these arguments is meritorious for the reasons that follow.

**II. Argument**

**A. Rule 20(a)'s Requirements For Joinder Are Met**

Defendant argues that the proposed plaintiff should not be allowed to join this action because the allegations of his complaint raise "very different legal and factual questions". *Objection*, p 2., ¶3. What makes the cases "significantly different", according to defendants, is that the case is now moot as to the originally-named plaintiffs. *Id*. This argument is without merit. First, as discussed at length at pages 6-7 of *Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Second Motion for Class Certification* dated June 27, 2005, and in *Plaintiffs' Second Motion for Class Certification* dated May 1, 2005, at pages 9-12, plaintiffs' claims, including the claims of Samuel C., are inherently transitory. Thus, *when* the harm was suffered is irrelevant to the critical issue of whether the facts and circumstances giving rise to the legal claims are fundamentally the same. *See Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 60 (3d Circuit 1994) ("Because the nature of foster placement is transitory and thus inherently variable, it is unreasonable to require that all plaintiffs suffer from the same injury simultaneously."

Defendants further argue, without citation, that plaintiff's motivation in filing the motion for joinder, is improper, merely a "transparent" attempt to avoid dismissal on mootness grounds. Obj*ection*, p. 4, ¶1 and footnote 1. While "[a] court may … consider the motive of the party moving for the joinder of additional parties", *Landmark Development Group v. JEG Holdings, Inc.*, 185 F.R.D. 126, 128 (D. Conn. 1999), *citing Desert Empire Bank & In. Co. of North American*, 623 F.2d 1371, 1375 (9th Circ. 1980), plaintiff alleged at the outset that joinder would be inappropriate where a plaintiff failed to request class certification and later sought to avoid mootness by joining plaintiffs. *Plaintiff's Memorandum in Support of Joinder* at p. 9. But this is

not the case here; plaintiffs sought, and continue to seek, class certification. [1]

Moreover, defendants offer no further explanation at all as to how the claims of the proposed plaintiff are fundamentally different from those of the named plaintiffs. Indeed, it would be hard to do so, since Samuel's legal claims, as well as the declarative and injunctive relief he seeks, are identical to the legal claims and claims for relief set forth by the original plaintiffs. Defendants' dismissal of plaintiff's "similar pattern of conduct" argument, *Objection* at p. 2, ¶3, is also erroneous, since courts have consistently upheld findings of commonality based on pattern of conduct in class actions involving plaintiffs who challenge state services. *See discussion in Plaintiffs' Memorandum in Support of Plaintiffs' Second Motion for Class Certification*, at pages 9-12, and *Plaintiffs' Reply to Defendants' objection to Class Certification*, p. 5-8. [2] The fact that each plaintiff has his or her own circumstances simply does not preclude class certification where plaintiffs challenge common conditions and practices under a unitary regime. *Karen L. v. Physicians Health Services, Inc.*, 202 F.R.D. 94, 100-101 (D. Conn. 2001). *See also* B*aby Neal for and by Kanter v. Casey*, 43 F.3d at 61 ("[t]he differing degree and nature of the plaintiffs' injuries [does] not preclude a finding of commonality.") Here, the common factual thread for both Samuel C. and the original proposed class members is that DCF repeatedly and systematically failed to provide them with clinically appropriate community-

---

[1] Plaintiff Milstein has urged class certification precisely because the transitory nature of plaintiffs' claims, and the fluid nature of the class membership, make joinder impracticable. However, she argues that absent a ruling on plaintiffs' Second Motion for Class Certification, joinder of Samuel C. is appropriate. See *Alexander A. v. Novello*, 210 F.R.D. 27, 33, (EDNY 2002).

[2] A determination of commonality of law or fact appear to be the same in both the context of Fed. Rule Civ. Proc. 23(a)(2) and Rule 20(a); the difference between the two lies not in the definition of what is common, but on other factors, such as numerosity which renders joinder impracticable.

based placements in violation of their state and federal rights, causing them harm. In sum, the fact that Samuel's circumstances are unique simply does not defeat commonality.

**B. Defendants Will Not Be Prejudiced And The Proceedings Will Not Be Unduly Delayed If Joinder Is Permitted**

Defendant next argues that joinder should be denied because it would needlessly complicate the case by virtue of the fact that counsel for the originally-named plaintiffs "may become witnesses … to explain their actions and participate in state court and administrative proceedings involving placement decisions for Samuel." Objection at p. 3, ¶3. This argument also must fail. First, defendants' reliance on *Landmark Development Group v. JEG Holdings*, *supra*, *Id*., is inapposite, since that case is distinguishable on its facts. In *Landmark*, Judge Eginton denied a motion for joinder where defendants sought to join plaintiff's attorney as a party defendant in a CUTPA action. The court found that joinder of the plaintiff's counsel as a party defendant would prejudice the plaintiff, who would need to obtain new counsel because joinder would necessitate the disqualification of this attorney. In addition, the court based its denial on its finding that defendant had not offered "compelling substantiation of his claims" and had already "significantly delayed resolution of the case. By contrast, in the instant case, the attorneys for the original plaintiffs merely represent Samuel C's mother, Yvonne C.; they have never represented Samuel.[3] Plaintiff Milstein, in her capacity as Child Advocate, filed her motion for joinder on behalf of Samuel C., and is represented by the undersigned. Moreover,

---

[3] Defendants' statement that "… the proposed plaintiff has been represented for at least the last six years by counsel for the originally-named plaintiffs, Connecticut Legal Services…", *Objection* at p. 3, ¶2, is not true, just as their statements that "… the attorneys representing the named plaintiffs have been Samuel's attorney in state court since at least 2000." *Objection* at p. 1-2. Counsel for the originally-named plaintiffs have represented Samuel's mother, Yvonne C., not Samuel.

4

defendants overlook the fact that there is a difference between being knowledgeable about facts and being called as fact witnesses in a suit; indeed, if defendants' logic were to be followed, any counsel who has represented a plaintiff or his legal representative over an extended period of time would be disqualified from litigating claims on his or her client's behalf in federal court. By the same logic, defendants' reasoning would also lead to defense counsel being called as witnesses because they have knowledge of crucial facts. Such a result, of course, is inconsistent with the attorney-client privilege which protects confidential communications. Here, Connecticut Legal Services continues to represent Yvonne C., Samuel's mother, on Samuel's behalf, and will continue to do so in all agency and administration matters, just as Connecticut Legal Services continues to represent the originally-named plaintiffs at all agency and state court proceedings. Naturally, such representation means that Connecticut Legal Services counsel are privy to placement decisions that were made during the course of their representation, but this fact does not renders them unfit to represent Susan K., Joseph L., and Omar S. in federal court.

In addition, defendants assert that the "…fact that Samuel has been in the state's care for many years, with a multitude of placements and service providers, will make the discovery process more complicated." *Objection* at p. 4, ¶3, and that joinder would create "…a whole new set of circumstances involving the proposed plaintiff…" *Objection* at p. 4, ¶2. Plaintiff disagrees. Defendants already have in their possession the documents and data relating to Samuel's placement history. Additionally, defendants have in their control all of the information regarding the state's overall provision of mental health services, information which is identical to

the information upon which the originally-named plaintiffs relied, [4] and which would comprise the bulk of the evidence upon which plaintiff Milstein would rely to prove the discrimination claims she raises on Samuel C.'s behalf.  Therefore, even if the court were to grant her joinder motion, the court could strictly limit any additional discovery.  Such minimal discovery could hardly be characterized as a "Pandora's Box" of additional information and discovery.  Thus, *Barr Rubber Products Company v. Sun Rubber Company*, 425 F.2d 1114, 1127 (2d Cir. 1970), *cert. denied* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), a complicated anti-trust and patent infringement case upon which defendants rely, *Objection* at p. 3, ¶ 1, is distinguishable from the instant case.  Furthermore, such a discreet discovery task would be far less costly and time-consuming than duplicating the discovery that has already been completed in this case than if Milstein were to bring a separate suit against the DCF.

## C. Plaintiff Milstein's Motion For Joinder Is Not Untimely Under The Circumstances Of This Case

Defendants also urge denial of joinder because discovery and court deadlines have passed. Objection at p. 3, ¶2.  Here, too, plaintiff Milstein already acknowledged the fact that the deadline for filing motions for joinder had passed in her *Memorandum in Support of Motion for Joinder* at p. 8.  Under the court's case management plan, any motion to join parties "will be filed by the plaintiff within 30 days of a ruling on the motion to dismiss." This order was entered on May 21, 2002, before Milstein intervened in this case.  The Motion to Dismiss was decided on March 24, 2003 (dkt. 29). The thirty day time period had already expired before Milstein filed a Motion to Intervene (dkt.30). It was impossible for Milstein to comply with the court's

---

[4] In fact, plaintiff Milstein and the originally-named plaintiffs are still waiting for defendants to comply with their on-going discovery obligations regarding the latter.

timetable for joinder motions under the case management plan. Here, factors in favor of joinder, on balance, outweigh the factors mitigating against joinder. Discovery is not concluded. Because plaintiffs are still waiting for full compliance from defendants there should not be any additional delay because of the joinder of Samuel C. If there is any additional time needed for discovery, it will be minimal. This must be compared to the amount of time and expense defendants would have to expend to defend a separate action brought on Samuel C's behalf, which Plaintiff Milstein intends to do if her motion for joinder is denied. Joinder would thus further the interest of judicial economy, as well.

In addition, defendants claim that plaintiff Milstein has "offered no explanation why, after four years, the motion for joinder is now being proffered." *Objection*, p. 3, ¶2. This is not the case. Plaintiff Milstein alleged in her proposed complaint that Samuel C.'s mother did not bring suit earlier because she feared Samuel C. would be harmed by retaliatory behavior by the DCF. *Proposed Complaint*, ¶60. Milstein anticipated that the Motion for Class Certification would be ruled upon, thus avoiding the need for joinder of additional plaintiffs, if the motion were granted. Moreover, any further explanation regarding the Office of the Child Advocate's investigation of the facts and circumstances relating to Samuel C. would be impermissible, since such information is confidential and not subject to disclosure. *Conn. Gen. Stat*. 46a-13n. Likewise, any further inquiry into why Connecticut Legal Services did not file suit on behalf of its client, Yvonne C., is protected by Rule 1.6, Confidentiality of Information, Rules of Professional Conduct.

Finally, defendants claim they would be prejudiced because they have already filed motions for summary judgment, and would need to re-file based on the amended complaint.

7

*Objection* at p. 4, ¶4.  In light of the fact that there are several outstanding motions before the court, however, and that the case is not yet ready for trial, this case is distinguishable from those cases where joinder motions were filed on the eve of jury selection, as in *Landmark Development Group v. JEG Holdings, Inc., supra*., or in *Fed. Deposit Ins. Corp. v. Haines*, 179 F.R.D. 66, 68 (D. Conn. 1997) (joinder denied where defendants had already moved to join additional defendants on four different occasions, where there were twenty-five different parties listed on the court's docket sheet, and where jury selection had already been scheduled).

Finally, defendants assert that granting the motion for joinder "would have a detrimental impact on the *other* plaintiffs in delaying any relief they may be entitled to…" *Objection* , p. 5, ¶2.  The other named plaintiffs have not objected to the Motion for Joinder.  Defendants, moreover, do not have standing to assert arguments on behalf of plaintiffs.  If defendants sincerely do not want to delay the relief due to the plaintiffs, defendants should comply fully with discovery and agree to discuss settlement options.

Joinder of Samuel C. would assist the originally-named plaintiffs in opposing the state's summary judgment motion.  Defendants' "fundamental alte ration" defense to plaintiffs' ADA claims is based on DCF's contention that the DCF already has in effect a comprehensive, effectively working plan for providing mental health services to children and youth in its care.  Joinder of Samuel C., four years after the lawsuit was initially filed, would support plaintiffs' opposition to summary judgment by introducing compelling evidence to the court that the DCF's provision of mental health care to children and youth with severe mental illness is still neither comprehensive, nor effectively working.

**III.  Conclusion**

      The claims of proposed plaintiff Samuel C. arise from the same series of transactions or occurrences as those of the originally-named plaintiffs. Where, as here, there is no demonstrated prejudice to defendants, plaintiff was not unreasonable in filing her motion, and denial of joinder would result in multiple and duplicative litigation, plaintiff's motion for joinder should be granted for all the reasons herein cited.

      Respectfully submitted,

                                        PLAINTIFF JEANNE MILSTEIN,

                         By:_____
                              Winona Zimberlin
                              Fed. Bar No. ct05501
                              2 Congress Street
                              Hartford, CT 06114
                              wzimberl@netscape.com
                              Tel:  860 249-5291
                              Fax:  860 247-4194

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following counsel of record in accordance with Rule 5(b) of the FRCP on this 20 day of April, 2006 to:

Attorney Susan Pearlman
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

Attorney Carolyn A. Signorelli
Assistant Attorney General
55 Elm Street
Hartford, CT  06106
Phone: 860 808-5160
Fax: 860 808-5384

Attorney Anne Louise Blanchard
Connecticut Legal Services, Inc.
872 Main Street
P. O. Box 872
Willimantic, CT 06226

Attorney Bet Gailor
Connecticut Legal Services, Inc.
872 Main Street
P. O. Box 872
Willimantic, CT 06226

Attorney Catherine Williams
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604

_____
Winona Zimberlin