UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| W.R., individually and on behalf of Her minor son, Joseph R; Susan K, M.O. individually and on behalf of all others similarly situated<br>　　　Plaintiffs<br>vs.<br><br>Connecticut Department of Children and Families<br>　　　and<br>Darlene F. Dunbar, in her official capacity as Commissioner of the Department of Children and Families<br>　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3: 02-cv-00429 (RNC)<br><br><br><br><br>MAY 12, 2006 |

## OBJECTION TO BARBARA P.'S MOTION FOR JOINDER

**Introduction:**

This lawsuit was filed on March 8, 2002. On April 21, 2006, over four years later and nearly a year after the defendants' motion for summary judgment was filed, a new proposed party, Barbara P., also represented by Connecticut Legal Services, Inc., has moved for permissive joinder pursuant to Rule 20 (a) of the Federal Rules of Civil Procedure. As detailed below, because the motion is untimely and will unduly delay the proceedings as well as prejudice the defendants; and because the movant does not share common issues of fact and law with the named plaintiffs, the defendants respectfully object.

**Argument:**

Joinder under Rule 20 (a) of the Federal Rule of Civil Procedure is not automatic. "The rule only provides that persons 'may be joined' if the conditions provided therein

are satisfied; there is no requirement that they must be joined in that event." *Gonzalez v. Leonard*, 497 F. Supp. 1058, 1076 (D. Conn. 1980). Whether to grant permissive joinder under Rule 20 (a) is a matter vested in the broad discretion of the district court. *See Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F. 2d 1114, 1127 (2nd Cir. 1970), *cert. denied*, 400 U.S. 878 (1970) (upholding district court's refusal to allow plaintiff to join two additional parties after four and one-half years of litigation and extensive discovery); *FDIC v. Haines*, 179 F.R.D. 66 (D.Conn. 1997) (motion to cite in parties denied as untimely and prejudicial)..

Rule 20 (a) provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." "[T]he permissive party joinder rule emphasizes pragmatism; joinder is based . . . on common sense, fact-based considerations." Moore's Federal Practice (Matthew Bender 3rd Edition), Ch. 20, Permissive Joinder of Parties, §20.02.

**A. Non-Party Cannot Invoke Rule 20(a).**

Here, Barbara P., a non-party to this litigation, has moved for her own joinder to this litigation pursuant to Rule 20 (a). "A nonparty cannot invoke the permissive party joinder rule." Moore's Federal Practice (Matthew Bender 3rd Edition), Ch. 20, Permissive Joinder of Parties. §20.02 [2]. *See Thompson v. Boggs*, 33 F. 3d 847, 858 n. 10 (7th Cir. 1994), *cert. denied*, 514 U.S. 1063 (1995); *Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310 (MD FLA 2000).

Although a non-party may seek permissive intervention pursuant to Rule 24 (b), Barbara P has not filed a motion to intervene and therefore no such motion is before the Court. Even if Barbara had filed a motion to intervene, that section permits intervention only "[u]pon timely application." By no stretch of the imagination can the present motion be deemed "timely" having been filed over four years into this litigation and over a year after the defendants' motion for summary judgment was filed.

**B. Motion For Joinder Is Untimely**

"A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a "Pandora's box" of discovery. . . . A Court may also consider the motive of the party moving for the joinder of additional parties." *Landmark Development Group v. JEG Holdings, Inc.*, 185 F.R.D. 126 (D. Conn. 1999), quoting, in part, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F. 2d 1114, 1127 (2nd Cir. 1970).

Barbara's case concerns the provision of services to a young adult as opposed to a youth or child. As the Court can see from the lengthy history recited in the proposed complaint consisting of over 102 paragraphs, undoubtedly if this new proposed plaintiff is added, substantial additional discovery will be required, including the taking of the proposed plaintiff's deposition and probably one or more of her mental health care providers. The defendants will likely move to dismiss the action and, if necessary, move for summary judgment. As this Court recently observed during a recent telephone status conference on May 4, 2006, the deadline for filing motions for joinder has long since passed. To add Barbara as a plaintiff at this point in the litigation would be highly prejudicial to the defendants, "further protracting an already unduly distended case."

*Barr Rubber Products Co.* v. *Sun Rubber Co.*, 425 F. 2d 1114, 1127 (2nd Cir. 1970). See *Barr Rubber Products Co.* v. *Sun Rubber Co.*, 425 F. 2d 1114, 1127 (2nd Cir. 1970), *cert. denied*, 400 U.S. 878 (1970) (upholding district court's refusal to allow plaintiff to join two additional parties after four and one-half years of litigation and extensive discovery); *Ansam Associates, Inc.* v. *Cola Petroleum, Inc.*, 760 F. 2d 442 (2nd Cir. 1985) ("permitting the proposed amendment [is] especially prejudicial [when] discovery had already been completed and [the non-movant] had already filed a motion for summary judgment").

**C. Connecticut Legal Services, Inc. Should Be Barred From Seeking Joinder.**

In the course of discovery the defendants propounded their first set of interrogatories and requests for production dated August 14, 2003 (attached as Exhibit A). The plaintiffs, represented by Connecticut Legal Services, Inc., served an amended response to defendants' first set of interrogatories and requests for production dated February 27, 2004 (attached as Exhibit B). Interrogatory 4 states:

> "Are there other identified individuals known to the plaintiffs that would qualify to be members of the proposed class? If so, identify each individual and the basis on which the individual would qualify to be included in the proposed class."

(Exhibit A).

In answer to interrogatory 4, the plaintiffs state:

> "Yes, there are additional potential class members, including Jeffrey M . . .and Kevin P. . . .Plaintiffs object to naming any remaining individuals, as they are protected by attorney-client privilege. Additionally, these individuals are

concerned that if their names are disclosed, DCF will act in a retaliatory manner toward them." (Exhibit B).

The plaintiffs represented in February, 2004 that they were aware of the identity of additional potential class members, but refused to divulge their identity. The plaintiffs asserted attorney-client privilege. They also speculate that if the identity of these alleged potential class members was disclosed, the proposed class members might be subject to retaliation. Notwithstanding the plaintiff counsels' duty of continuing disclosure; *see* Rule 26 (e) of the Federal Rules of Civil Procedure, they have not updated this discovery response.

The attorney–client privilege cannot be used as both a shield and sword. *United States v. Bilzerian*, 926 F. 2d 1285, 1292 (2nd Cir. 1991). "A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Id.*, citing *In re von Bulow*, 828 F. 2d 94, 103 (2nd Cir. 1987). "The rules of discovery are designed to make a trial less a game of blind man's [bluff] and more a fair contest with the basic issues and facts disclosed to the fullest [practicable] extent." (Citations omitted; internal quotation marks omitted.) *Sturdivant v. Yale-New Haven Hospital*, 2 Conn. App. 103, 106 (1984).

Here, in February, 2004, Connecticut Legal Services, Inc. saw fit to assert the privilege, refusing to disclose potential class members known to them, thereby obstructing the defendants' efforts to obtain information related to the purported class. Now, over two years later, Connecticut Legal Services, Inc. is, apparently waiving the privilege for tactical reasons, revealing the identity of proposed class members only after

discovery is closed and over a year after summary judgment was filed. In this case Connecticut Legal Services is practicing a type of gamesmanship that is antithetical to the liberal discovery provisions of the Federal Rules of Civil Procedure. The motion for joinder should not be entertained.

### D. Barbara P's Claims Do Not Arise Out Of The Same Transaction, Occurrence Or Present Common Questions of Law Or Fact

The plaintiffs initially gave the following amorphous definition of their proposed class: "severely mentally-ill children whose needs cannot be met in foster homes or institutions and who are in desperate need of community-based placements from DCF." At oral argument they posited an even broader proposed class. *W.R.* v. *Dept. of Children and Families*, 2004 U.S. Dist. LEXIS 21110 (D. Conn. 2004). This Court denied the plaintiff's first motion for class certification without prejudice. *Id.*

The plaintiffs filed a second motion for class certification dated May 1, 2005, seeking certification of an equally amorphous proposed class: "Severely mentally ill youth in the care of DCF whose mental health needs cannot be met in traditional foster home placements or institutions and who are in desperate need of community based placements from DCF."[1] The defendants have objected to the motion, which is pending.

Barbara P. is nineteen years old. "Youth" is defined as "any person sixteen years of age and under nineteen years of age." Conn. Gen. Stat. § 17a-1 (6). *See* Conn. Gen. Stat. § 1-1d (establishing age 18 as the age of majority). Thus, as a nineteen year old, Barbara is not a "youth" as that term is generally understood and cannot be a member of

---

[1] The plaintiffs' discovery response, Exhibit B, is unhelpful in further defining the proposed class. See, for example, plaintiffs' responses to interrogatories: 1, 2, 9a and 13.

6

the proposed class.[2] The programs and services available to children and youth are not always available to adults. Likewise, programs and services available to adults from the Department of Mental Health and Addiction Services and other agencies are not always available to children and youth. To the extent that Barbara's issues focus on the availability of services to her, as a young adult, there is no commonality of issues with the proposed class. Moreover, a child may be committed to the Department, which acts as his or her guardian. In contradistinction to a child, services or placements provided to a young adult are voluntary, meaning that even if a young adult "needs" a placement or even "desperately needs" a placement, the young adult must be in agreement with the placement and may, as an adult, refuse to accept services or placement at any time. *See* Conn. Gen. Stat. §§ 46b-129 (j), 17a-11 (g).

In addition, as alluded to in her proposed complaint, Barbara, through her counsel, Attorney Jennifer Mellon of Connecticut Legal Services, Inc., has already filed an action for injunctive relief in the Superior Court for Juvenile Matters. In that action, filed March 3, 2006, she requests that DCF allow Barbara to receive voluntary services, provide "clinically appropriate services" and "develop and implement an appropriate transition plan with the Department of Mental Health and Addiction Services" (DMHAS). As Barbara concedes, and consistent with a stipulated agreement between the parties resolving an administrative proceeding, the Department agreed to continue to work with Barbara and provide her services. (Proposed Complaint, paras. 86, 91)

---

[2] At the recent telephone status conference held on May 4, 2006 plaintiffs' counsel orally represented that they wished to expand the class to include young adults and children in addition to youth.

According to the state court pleadings, Barbara's current problem is that there is not an appropriate placement or living situation, acceptable to Barbara, that is available to bridge the gap between DCF services and her entry into the DMHAS program. Barbara averred that a DMHAS representative stated that the agency did not accept Barbara into its Young Adult Services Program because "it never received the information it required from DCF and because DMHAS is extremely backlogged in processing referrals." (Memorandum In Support of Motion for Temporary Injunction Dated 3/15/06, p. 4) While these issues are of concern, they have nothing in common with the named plaintiffs.

Furthermore, there is a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. *See Spargo v. N.Y. State Commission on Judicial Conduct*, 351 F. 3d 65 (2nd Cir. 2003), *cert. denied.*, 541 U.S. 1085 (2004). With respect to her claim for injunctive relief in this court, any action in this court seeking similar relief would be barred by the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

The defendants have claimed in their motion for summary judgment that the plaintiffs' claims are moot, not ripe or that the plaintiffs lack standing, implicating subject matter jurisdiction. The defendants also have claimed that this Court should abstain from exercising federal jurisdiction under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

"Federal jurisdiction cannot be conferred by agreement of the parties and irrespective of such agreement a federal court has a duty on its own motion to consider whether there is properly federal jurisdiction in the case before it." *Republic of the*

*Philippines* v. *Marcos*, 806 F. 2d 344, 352 (2nd Cir. 1986), *cert. denied*, 481 U.S. 1048 (1987). Defects in subject matter jurisdiction cannot be waived. *New York City Employees' Retirement System* v. *Dole Food Co.*, 969 F. 2d 1430, 1433 (2nd Cir. 1992). "Article III of the Constitution requires us to address the issues of standing, ripeness, and mootness." *Ellis* v. *Tribune TV Co.*, 2006 U.S. App. LEXIS 8192 (2nd Cir. 2006). Once subject matter jurisdiction is raised "[t]he court must address itself to that issue and fully resolve it before proceeding further with the case." *Valley Cable Vision, Inc.* v. *Public Utilities Commission*, 175 Conn. 30, 32 (1978). "When the absence of jurisdiction is brought to the attention of the court, cognizance of the fact must be taken and the matter determined before it can move further in the case." *Gimble* v. *Gimble*, 147 Conn. 561, 566 (1960). If the defendants prevail on these claims, the plaintiffs cannot resuscitate their claims by the addition of Barbara as a party. *See Fox* v. *Board of Trustees*, 42 F. 3d 135 (2nd Cir. 1994), *cert. denied*, 515 U.S. 1169 (1995) (district court did not err in denying plaintiff's motion to amend complaint after case had become moot).

If the purpose of adding Barbara as a party is to resuscitate their proposed class action the plaintiffs face a more fundamental problem. The defendants aver that the proposed plaintiff is whereabouts unknown and her recent statements made to the DCF social worker assigned to her case suggest that she is not interested in obtaining placements or services from DCF. Rather, she is interested in pursuing a relationship with her current boyfriend, Wayne. Her viability as a potential class representative or even as a party plaintiff is highly questionable.

For the reasons stated above, the defendants respectfully urge the Court to deny Barbara P.'s motion for permissive joinder.

DARLENE F. DUNBAR, MSW
COMMISSIONER

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:

      /s/ *[signature]*
JOHN E. TUCKER
Assistant Attorney General
Federal Juris No. CT 04576
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5480
Fax: (860) 808-5590
John.Tucker@PO.State.Ct.Us.

## CERTIFICATION

I hereby certify on this day of May 12, 2006, a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, via first class mail, postage prepaid to:

Anne Louise Blanchard, Esq.
Bet J. Gailor, Esq.
Douglas M. Crockett, Esq.
Connecticut Legal Services, Inc.
872 Main Street
Willimantic, CT 06226
Tel: (860) 456-1761
Fax: (860) 456-7420

Catherine L. Williams, Esq.
Connecticut Legal services, Inc.
211 State Street
Bridgeport, CT 06604
Tel: (203) 336-3851
Fax: (203) 333-4976

Winona Wellman Zimberlin, Esq.
2 Congress Street
Hartford, CT 06114
Tel: (860) 249-5291
Fax: (860) 247-4194

Susan T. Pearlman, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5480
Fax: (860 808-5590

_____/S/_____
John E. Tucker
Assistant Attorney General

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

******************************************

W.R. individually and on behalf of her minor son
JOSEPH R.; SUSAN k.; M.O., individually and on
Behalf of her minor son, OMAR S.; and on behalf o
All others similarly situated

PLAINTIFFS

Vs.

CIV. No. 302 CV 429 (RNC)

CONNECTICUT DEPARTNE OF CHILDREN
AND FAMILIES, and

CHRISTINE REGALIA, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families

DEFENDANTS                    AUGUST 14, 2003

******************************************

**DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUEST OF RRODUCTION**

**PLEASE TAKE NOTICE** that you are hereby required, pursuant to Fed. R.Civ.P. 33, as amended, to serve upon the undersigned a copy of your individual answers and objections, if any, in writing and under oath to the following interrogatories related to class certification within thirty (30) days after service of the interrogatories. The answer should be inserted in the space provided. If there is sufficient space to answer an interrogatory, the remainder of the answer should follow on a supplemental sheet.

These shall be deemed to be continuing interrogatories. If, between the time of your answers and the time of the trial of this case, you or anyone acting on your behalf learn of further information not contained in your answers, you shall promptly furnish said information to the undersigned by supplemental answers.

## INSTRUCTIONS AND DEFINITIONS

1. These interrogatories and requests for production shall be deemed to be continuing in nature. Amended answers are required, to the date of the trial, if any, as supplemental or additional information is discovered.

2. If no one person is competent to answer all the interrogatories and/or requests for production, the responses should be separately answered, under oath, by as many agents of the plaintiff as might be necessary.

3. If a claim of privilege is asserted concerning any information or documents sought herein:

   (a) Identify such information or document with sufficient particularity to allow the matter to be brought before the Court;

   (b) State the nature of the privilege asserted; and,

   (c) State the factual or legal basis for the claim of privilege.

4. If a particular interrogatory or request for production cannot be answered or fulfilled in its entirety after exercising due diligence to secure the information or documentation requested, so state and answer it to the extent possible. Specify the basis for the inability to answer the remainder of the interrogatory and provide whatever information, knowledge or documentation that you have concerning the unanswered portion.

2

5.  If, in the exercise of due diligence, the claimant cannot furnish the exact information requested, he should supply estimated information to the extent possible. When estimated information is used, it should be so indicated. An explanation should be furnished as to the basis on which the estimate was made and the reason(s) why the exact information requested cannot be provided.

6.  As used herein, the term "you" means you, yourself, the person to whom these interrogatories and requests for production are addressed or any of your agents, partners, associates or any employees, employers or organizations of which you are a member or an employee, or other person acting on your behalf.

7.  Use of the term "identify" with reference to an individual person, means to state his full name, his business and home addresses and telephone numbers, his present position and business affiliation or employment, if any, his date of birth, and his social security number.

8.  Use of the term "identify" with reference to a communication means to state the date of the communication; the mode of the communication; if by telephone, the place where such communication originated and terminated; the identities of the maker(s) and the receiver(s) of the communication and the subject matter discussed.

9.  As used herein, the term "identify" or "identification" with reference to a document means to state the date of its creation, its author, the addressee or intended recipient(s) of the document, and the present or last known location and the name, business and home address, and telephone numbers of the person(s) having control or custody of such document or a copy thereof. If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its

3

present location and the name, business and home address and telephone number of the person(s) having control or custody of such document, with sufficient particularity to enable to defendants to request its production.

10. As used herein, the term "statement" means; (a) a written statement in the handwriting of the person making it, or one which is signed, or initialed, or otherwise in writing adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which is contemporaneously recorded.

11. As used herein, the term "document" means the original as well as any copy, regardless of origin or location, of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, note, draft, chart, paper, graph, index, tape, disc, data sheet, diary, calendar or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, to which you have or have had access or control.

12. A document is deemed to be in your "control" if you have the right or the ability to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

13. Wherever it may be used herein, the masculine shall be deemed to include the neuter or feminine gender and vice versa, unless the context expressly indicates otherwise; the singular shall be deemed to include the plural and vice versa; the present tense shall include the past tense and vice versa; and the word "or" wherever it may be used shall be construed either

conjunctively or disjunctively to bring within the scope of these interrogatories and requests for production any information which might otherwise be looked upon as outside their scope.

14. If there is insufficient space following any particular interrogatory in which to completely and truthfully provide all of the information requested, attach additional sheets of plain paper upon which your answer to such an interrogatory may be given, and note the phrase "see attached sheets" in the space provided for said interrogatory.

15. To the extent that any of these interrogatories may be fully and completely answered by attaching copies of documents, you may attach such documents in lieu of making a narrative response, but must specifically identify which page or portion of such document is responsive to which interrogatory.

1. Describe how each of the named plaintiffs is disabled.

2. For each plaintiff describe the behaviors that make placement in foster homes inappropriate, and on what basis that plaintiff alleges the behavior is disability-related.

5

3. Define the following terms as used in the amended complaint:

   a. "community based placements"

   b. "institutions"

   c. "inappropriate placement"

   d. "professionals"

4. Are there other identified individuals known to the plaintiffs that would qualify to be members of the proposed class? If so, identify each individual and the basis on which the individual would qualify to be included in the proposed class.

6