UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.R., individually and on behalf of her minor son, JOSEPH R.; SUSAN K.; M.O., individually and on behalf of her minor son, OMAR S.; and on behalf of all others similarly situated, and <br><br> JEANNE MILSTEIN, CHILD ADVOCATE OF THE STATE OF CONNECTICUT <br><br>   PLAINTIFFS <br><br> V. <br><br> CONNECTICUT DEPARTMENT OF CHILDREN AND FAMILIES, and <br><br> DARLENE DUNBAR, in her official capacity as Commissioner of the Connecticut Department of Children and Families, <br><br>   DEFENDANTS | CIV. NO. 302CV429 (RNC) <br><br><br> May 30, 2006 |

REPLY TO DEFENDANT THE DEPARTMENT OF
CHILDREN AND FAMILIES' OBJECTION TO
BARBARA P.'S MOTION FOR JOINDER

I. **INTRODUCTION**

Defendants have raised a number of objections to Barbara P.'s motion for joinder, alleging that Barbara may not file for joinder due to non-party status, lack of commonality, timeliness, prejudice, and abstention. As discussed below, however, none of the arguments DCF raises bar Barbara's motion. Rather, Barbara's motion underscores the fact that the "sea of change" defendants claim has occurred at DCF has, in fact, not improved DCF's provision of appropriate community based placement of children and youth with severe mental and behavioral issues who are in the care or custody of DCF.

II. **LEGAL ARGUMENT**

A. **Barbara P. has met the elements for permissive joinder under Fed. Rule of Civ. Pro. 20(a) and for permissive intervention under Fed. Rule of Civ. Pro. 24(b)(2).**

1. **Fed. Rule of Civ. Pro. 20(a) Does Not Limit Motions For Joinder To Existing Parties.**

There is no language in Federal Rule of Civil Procedure 20(a) which requires the person moving for joinder to be a party. Rather, the pertinent part of Rule 20(a) states:

> [a]ll *persons* may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. (Emphasis added). Fed. R. Civ. Pro 20(a).

Defendants cite to no case law in this circuit supporting their argument that Rule 20(a) may only be used by existing parties. Instead, defendants rely on a citation from Moore's Federal Practice to support their argument, as well as two cases from other circuits cited therein. [DCF Obj at 2]. In addition to not being binding upon this court, neither case cited by defendants hold that Rule 20(a) joinder is limited to parties. In Thompson v. Boggs, for example, although the

1

Seventh Circuit noted a lack of precedent for joining a non-party, the court based its denial of the motion for joinder on its conclusion that the non-party's claims arose from a separate occurrence with a set of facts and circumstances which did not resemble the acts upon which the plaintiff's suit was based and that joining the non-party would have delayed the proceedings and confused the jury. Thompson, 33 F3d 847, 858 (7th cir. 1994) *cert. denied* 514 U.S. 1063 (1995). In Barbara's case, however, her complaint arises out of the same actions by DCF that the other named plaintiffs complain of – a lack of community based placement.

The other case cited by defendants, Premier Foods of Bruton, Inc. v. City of Orlando, is similarly inapplicable to the case at bar, as it did not involve a person seeking permissive joinder as a plaintiff against a common defendant but rather involved a motion to intervene as of right under Fed. Rule of Civ. Pro. 24(a). Premier Foods, 192 F.R.D. 310, 311-312 (M.D. Fla. 2000).[1] Consquently, neither case cited by defendants applies to Barbara P.'s motion.

Accordingly, while permissive intervention under Federal Rule 24(b) provides an alternative method to Rule 20(a) for adding nonparties, it is certainly not the exclusive means. Lanier Business Products v. Graymar Company, 342 F Supp. 1200, 1202 (D. Md. 1972) (denying plaintiff's motion to strike defendants' counterclaim joining third-party). Thus the court in this case can grant Barbara P.'s motion in accordance with the Federal Rules of Civil Procedure.

### 2. The Court Has Discretion to Join Barbara P. *Sua Sponte* or to View Barbara P.'s Motion as a Motion for Intervention.

Even should the Court determine that Barbara P.'s motion is more properly drawn as a

---

[1] The court in Premier Foods did consider the possibility of intervening the plaintiff but found he did not meet the intervention criteria. Id. at 311.

2

motion to intervene, it has within its discretion the ability to treat it as such. Fed. Rule Civ. Pro. 21 "permits the court to add parties 'at any stage of the action and on such terms as are just.'" New York State Association for Retarded Children v. Carey, 438 F.Supp. 440, 443 (E.D.N.Y. 1977). Accordingly, the Court may *sua sponte* join a party for good cause. See Arrow v. Gambler's Supply, Inc. 55 F.3d 407, 409 (8th Cir. 1995) (Eighth Circuit recognized its ability to consider joinder of its own accord, and *sua sponte* chose to view the motion as a motion for intervention) See also, In the Matter of American Beef Packers Inc., 457 F.Supp 313 (D.C. Neb. 1978) (affirming *sua sponte* bankruptcy decision treating joinder motion as motion to intervene).

Because considerations for intervention are essentially the same as those for joinder, Barbara P.'s motion and memorandum in support of joinder are sufficient to meet the requirements under Fed. Rule Civil Pro. 24(b)(2). Rule 24(b)(2) requires that (1) the intervenor's claim or defense and the main action have a question of law or fact in common and (2) the court consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Intervention under this rule is permitted in the discretion of the district court. See, e.g., H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 88 (2d Cir. 1986). Within this discretion, courts have held that Rule 24(b)(2) is to be liberally construed. Degrafinreid v. Ricks, 417 F.Supp.2d 403, 407 (S.D.N.Y. 1986) (, citing, McNeill v. New York City Hous. Auth., 719 F.Supp. 233, 250 (S.D.N.Y 1989) (citing Davis v. Smith, 431 F.Supp. 1206, 1209 (S.D.N.Y.), *aff'd*, 607 F.2d 535 (2d Cir. 1978).

As described in Barbara P.'s memorandum in support of motion for joinder and as described below, Barbara meets the elements of permissive joinder under Rule 20(a) and therefore meets the elements of permissive intervention under Rule 24(b)(2) as well. Further, DCF addressed the

possibility of consideration of Barbara P.'s motion as one for intervention under Rule 24. The only basis upon which DCF argued she should not be added as an intervenor plaintiff was on the basis of timeliness. [DCF Obj. at 3] As discussed below, however, even this argument fails since Barbara P.'s motion was not untimely.

### 3. Permissive Joinder and Permissive Intervention Rules Ensure Judicial Economy.

The primary purpose of permissive joinder under Rule 20(a) is to promote judicial economy. German v. Fedl Home Loan Mortgage Corp, 1998 WL 812478 at *5 (S.D.N.Y. Nov 16, 1998).

> Indeed, a multiplicity of separate trials would frustrate the liberal provisions of Rule 20(a) as to permissive joinder. The rule recognizes the economy of a procedure whereunder several demands arising from the same occurrence may be tried together, thus avoiding the reiteration of evidence relating to facts common to the several demands. Chappell & Co., Inc v. Santangelo, 30 F.Supp. 599 (D. Conn 1939).

Similarly, "the purpose of the rule allowing intervention is to prevent a multiplicity of suits where common questions of law or fact are involved." Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co., 922 F.2d 92, 97 (2nd Cir. 1990). Given the clear intent of Rule 20(a) to prevent duplication of suits, Barbara P.'s motion should be granted.

### B. Barbara P.'s Claims Arise from the Same Transactions and Occurrence as Those of the Name Plaintiffs and Present Common Questions of Law and Fact.

Defendants attempt to reduce Barbara P.'s claims against DCF to "her current problem" of being homeless, a condition caused by the defendant DCF. [DCF Obj. at 8] However, while tragic and dangerous, Barbara P.'s homelessness is not the sole basis on which she claims to have been discriminated against by DCF. "In general, 'courts are inclined to find that the claims before them arose out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay [and]

4

inconvenience.'" German v. Federal Home Loan, 1998 WL 812478 at *6. Similar to Barbara's claims, courts have held that allegations of a system of decision-making, or widely held policy of discrimination, constitute a single transaction for Rule 20(a) purposes. United States ex rel Anthony v. Burke Engineering Company, 356 F. Supp. 2d 1119, 1121 (C.D.Cal. 2005) *citing* Hawkins v. Groot Indus., Inc., 210 F.R.D. 226, 230 (N.D.Ill. 2002) and Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (systematic pattern of events involving delay in considering immigration applications held to be the same transaction or occurrence).

DCF's treatment of Barbara P. is extremely similar to its treatment of the other named plaintiffs, especially to the situation of named plaintiff Susan K. Both Susan and Barbara experienced multiple failed foster placements and hospitalizations culminating in DCF illegally discharging Susan from its care. *See* Plaintiffs' Amended Complaint, para. 23-37; In Re: Shonna K., 77 Conn. App. 246 (Conn. App. 2003); *see also* Proposed Complaint of Barbara P. DCF's termination of Barbara from DCF services occurred because it lacked a community based placement for her, just as it lacked a community based placement for Susan and for plaintiff Omar S, who DCF also terminated from services at almost the exact same time as it terminated Barbara. *See* **Affidavit of Omar S. Att. B To Plaintiffs' Objection to Summary Judgment.** As a young adult in the DCF system, Barbara P. may continue to receive services until the age of 21. Conn. Gen. Stat. 17a011(g)(2006) She requires the same kind of services as the named plaintiffs-- a community based placement with supports addressing her mental health and behavioral needs. In this regard, Barbara's claims mirror those raised the named plaintiffs and clearly present common questions of law and fact. Consequently, Barbara's proposed complaint arises out of the same transactions and occurrences as those of the other name plaintiffs.

5

**1. Intervention by Barbara P is sufficiently timely, will not unduly delay the case and will not prejudice defendants.**

Defendants claim that this court is barred from granting Barbara P. joinder or intervention status due to undue delay or prejudice to DCF. [DCF Obj. at 3] Neither claim is correct and DCF's objection fails to detail how its rights will be "prejudiced" or "unduly delayed" with the addition of Barbara P. as a plaintiff. Undue delay is defined in the Second Circuit as delay going to trial which prejudices the defendants Equal Employment Opportunity Commission v. Sage Realty Corp., Inc., 87 F.R.D. 365, 371 (S.D.N.Y. 1980). Undue prejudice is not likely where the defendants are already aware of many of the essential facts Fustok v. Conticommodity Services, Inc. 103 F.R.D 601, 604 (S.D.N.Y. 1984)(finding neither undue prejudice nor undue delay occurred despite extensive discovery and pre-trial motions filed, as denying the requests to add parties would simply result in another related lengthy litigation). In their Objection, DCF has failed to detail how its rights will be "prejudiced" or "unduly delayed" with the addition of Barbara P. as a plaintiff. Similarly, if Barbara P., Samuel C. and other potential joinders or interveners are instead required to refile their cases as separate class actions, DCF will face another class litigation alleging the same violations as those it faces in this action. To force the court to spend time on the "procedural rigamarole" of handling a new identical action which would likely be consolidated with the present suit "would be wasteful and unwarranted." Holiday Publishing Company v. Gregg, 330 F.Supp 1326, 1328 (S.D.N.Y. 1971)(granting motion to add new parties defendant and to amend complaint despite having already taken depositions totaling 1,000 pages).

DCF's reliance on the two cases it cites to support its argument is misplaced [DCF Obj. at 4]. DCF's citation to Ansam Associates is puzzling as the case does not refer to joinder at all but

6

rather to a motion to amend the complaint filed after summary judgment. *See* Ansam Associates, 760 F.2d 442 (2nd Cir. 1985). DCF's reliance on Barr Rubber is similarly misplaced as that case involves plaintiffs efforts to join two additional party *defendants*. Barr Rubber v. Sun Rubber, 425 F.2d 1114, 1116 (2nd. Cir. 1970).

DCF correctly refers to the plaintiffs' pending motion for class certification as referring to a class of "youth", and state in a footnote that plaintiffs' counsel represented that they wished to expand the class during the parties recent telephonic conference with the court. [DCF Obj. at 7, fn 2] After the court raised the issue of the definition of youth during the May 4, 2006 status conference call, plaintiffs reviewed the class certification pleadings and noted that the footnote defining "youth" (as meaning "children, youth, and young adults") had apparently been omitted due to a word processing error when the document was converted between Wordperfect and Word.[2] Plaintiffs apologize the error and any confusion it may have caused.

**C. Defendants' Improperly Raise Discovery Issues To Attempt To Bar Joinder.**

Defendants next state that Barbara's motion for joinder should be denied due to DCF's allegation that Barbara's counsel failed to disclose her existence to DCF in accordance with plaintiffs' discovery obligations. [DCF Obj. at 4]. Plaintiffs, however, disclosed Barbara's existence to DCF seasonably, within a few weeks of becoming aware of her need for a community based placement. Indeed, although not known to counsel for *plaintiffs* prior to December 2005, DCF has been well aware of Barbara P. as she has been its ward since 1991. [Proposed Complaint

---

[2] Evidence of the typographic error can be found by noting that both parties referred to children, youth and young adults throughout their class certification pleadings and the plaintiffs refer to children, youth and young adults in their Amended Complaint, as well.

7

of Barbara P ¶ 3]. Fed. Rule Civ. Pro. 26(e)(2) describes "a duty *seasonably* to amend a prior response to an interrogatory... if the party learns that the response is in some material respect incomplete or incorrect..." (emphasis added) Plaintiffs' are in compliance with their Rule 26(e) obligations since counsel did not become aware of Barbara P.'s need for a community based placement until March, 2006, shortly before Barbara's motion for joinder was filed. Barbara was first referred to Connecticut Legal Services, Inc. in December, 2005. A request for her records was sent to DCF on December 27, 2005. [Attachment A]. Despite repeated requests, DCF did not make Barbara's records available to CLS until March 7, 2006. [Attachment B]. Accordingly, plaintiffs seasonably notified defendants of Barbara P.'s potential status as a class member when her motion for joinder was filed shortly after receiving her records from DCF.

Defendants also state that plaintiffs should be barred from joining additional plaintiffs because in answering DCF's interrogatories, plaintiffs' counsel noted they could not disclose the names of plaintiffs whose identity was protected by attorney-client privilege. Barbara was not one of those plaintiffs--as stated earlier, Barbara did not become known to plaintiffs' counsel until December, 2005 and her identity as a class member was not clear until March, 2006, at which time plaintiffs disclosed her presence seasonably via the motion for joinder. Should defendants have decided that they did not agree with plaintiffs' response to their interrogatory, their proper course of action would have been to file a timely motion to compel, in accordance with Fed. Rule of Civ. Pro 37. Defendants failed to do so and the time for doing so has long since passed. Nevertheless, plaintiffs will continue to disclose plaintiffs known to them in a seasonable manner [3]

---

[3] The cases cited by defendants in support of their argument actually stand for the opposite argument, that a party can not *first disclose* some confidential information and *then refuse* to release the rest on a claim of privilege. See: U.S. v. Bilzerian, 926 F2d 1285 (2nd Cir. 1991)(denial of parties' testimony of

8

### D. The Abstention Doctrine Does Not Apply To Barbara P.'s Motion

On pages 7-9 of their Objection, defendants resurrect their prior claims that this court is barred from addressing the claims of plaintiffs or proposed plaintiffs due to Younger and /or Burford abstention[4]. DCF also claims that if the purpose of adding Barbara as a party is to keep the class from being moot, then Barbara is not an appropriate plaintiff because her "whereabouts are unknown". [DCF Obj. at 9]

The Supreme Court has made it clear that Younger abstention applies only when federal courts are asked to *interfere* with pending state proceedings. Younger, 401 U.S. 37 (1971). Decisions subsequent to Younger accordingly limit the application of Younger abstention to instances where federal courts are asked to *enjoin* pending state proceedings. Williams v. Lambert, 46 F.3d 1275, 1282 (2nd Cir. 1995); Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56, 68-69 (1st Cir. 2005). Consequently, the Younger abstention doctrine does not apply to the instant case since no order is sought by Barbara P. that would in any way enjoin any ongoing judicial or administrative proceeding. Rather, Barbara requests that the court order DCF to develop community based placements so that she may be placed in one upon receiving a

---

good faith regarding the legality of his actions as it would waive privilege concerning discussions with the attorney about the legality of his actions); In re von Bulow v. von Bulow, 828 F.2d 94 (2nd Cir. 1987)(defendant permitting his attorney to write a book describing the criminal case waived privilege as to any confidential communications disclosed in book and could not be used as a bar in civil proceeding). The third case DCF refers to, Sturdivant v. Yale-New Haven Hosp., 2 Conn. App. 103 (1984), does not involve an issue of attorney-client privilege at all but is, instead, about a dispute over the extent to which a party's expert could testify in light of tactical subterfuge by the party.

[4]Defendants also reiterate their claims from their motion for summary judgment regarding mootness, ripeness, standing and subject matter jurisdiction. Since defendants do not raise these claims specifically in relation to Barbara, plaintiffs simply note that plaintiffs have addressed all DCF's objections in Plaintiffs' Objection to Defendants' Motion for Summary Judgment, which is pending in front of this court (Pl.'s Obj. To DCF Mtn. Sum. Judg. filed 9/28/05 pp. 23-40).

9

state court order that DCF do so.[5]

Similarly, the Burford abstention doctrine is not applicable to the instant case. Courts dismiss cases under the Burford abstention doctrine only where the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" or if adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 707, (1996), *citing* Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814, (1976). "*Burford* is concerned with protecting complex state administrative processes from *undue* federal interference, but it does not require abstention whenever there exists such a process, or even in all cases where there is a potential for conflict with state regulatory law or policy." [emphasis in original], Dittmer v. County of Suffolk, 146 F.3d 113, 117 (2nd Cir. 1998), *quoting* New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 360 (1989). DCF has provided absolutely no explanation how a decision in this case regarding Barbara's claims would constitute undue intervention by a federal court and would create the type of conflicts in the interpretation of state law as contemplated by Burford.

## III. CONCLUSION

For the reasons stated above, proposed plaintiff Barbara P. respectfully requests this court grant her motion for joinder and permit her to become a plaintiff in the W.R. suit.

---

[5] DCF's citation to Spargo v. NY State Commsn on Judicial Conduct, 351 F.3d 65 (2nd Cir 2003), *cert den.* 541 U.S. 1085 (2004) to support their *Younger* argument, similarly fails since Barbara is not seeking federal interference in her state court proceedings. [DCF Obj at 8]

10

Proposed Plaintiff Barbara R.

By _[signature]_
Anne Louise Blanchard
Federal Bar No ct08718
Connecticut Legal Services, Inc
872 Main Street
Willimantic, CT 06226
Tel: (860) 456-1761
Fax: 860 456-7420
Ablanchard@connlegalservices.org

## CERTIFICATION

I certify that a copy of the foregoing Reply was mailed, postage prepaid, to the following counsel of record on the 30th day of May, 2006:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106
860-808-5480

John Tucker
Assistant Attorney General
55 Elm Street
Hartford, CT 06105
860-808-5480

Attorney Winona Zimberlin
2 Congress Street
Hartford, CT 06114
860-249-5291

_[signature]_
Anne Louise Blanchard

11

# ATTACHMENT A



**CONNECTICUT LEGAL SERVICES**
A PRIVATE NONPROFIT CORPORATION
211 STATE STREET  BRIDGEPORT CT 06604
TELEPHONE (203) 336-3851
FAX (203) 333-4976
E-MAIL BRIDGEPORT@CONNLEGALSERVICES.ORG

NADINE NEVINS
RICHARD L. TENENBAUM
REGIONAL DIRECTORS

LORIS L. COHEN
DAHLIA GRACE
NILDA R. HAVRILLA
STEVEN C. KILPATRICK
ASTRID LEBRÓN
JENNIFER MELLON
LORRAINE C. ROBLYER
ELLEN ROSENTHAL
DAVID STOWE
MARIA A. VARONE
CATHERINE WILLIAMS
ATTORNEYS AT LAW

PATRICIA N. BLAIR
VOLUNTEER ATTORNEY

NILDA PLANAS
OFFICE MANAGER

WANDA E. SERRANO
MARY E. GREY-FOX
LEGAL SECRETARIES

ADMINISTRATIVE OFFICE
62 WASHINGTON STREET
MIDDLETOWN, CT 06457
(860) 344-0447

MITCHELL PEARLMAN
BOARD CHAIR

MARVIN FARBMAN
EXECUTIVE DIRECTOR

LAW OFFICES

211 STATE STREET
BRIDGEPORT CT 06604

587 MAIN STREET
NEW BRITAIN CT 06051

153 WILLIAMS STREET
NEW LONDON CT 06320

20 SUMMER STREET
STAMFORD CT 06901

85 CENTRAL AVENUE
WATERBURY CT 06702

872 MAIN STREET
WILLIMANTIC CT 06226

SATELLITE OFFICES
(CALL FOR OFFICE HOURS)

5 COLONY STREET
MERIDEN CT 06451

62 WASHINGTON STREET
MIDDLETOWN CT 06457

98 SOUTH MAIN STREET
SOUTH NORWALK CT 06854

564 PROSPECT STREET
TORRINGTON CT 06790

155 WEST MAIN STREET
ROCKVILLE, CT 06066



December 27, 2005

Renee Knapp
Paralegal Specialist II
Department of Children and Families
2 Courthouse Sq.
Norwich, CT 06351



Re: Records Request for B\_\_\_\_\_ P\_\_\_
DOB: \_\_\_\_\_

Dear Ms. Knapp,

    I am writing to request a complete copy of the DCF records related to B\_\_\_\_ P\_\_\_, including but not limited to narratives, evaluations, investigation reports, treatment plans, medical records, educational records, and legal documents

    Enclosed please find a copy of a release executed by Ms. P\_\_ herself, as she is over the age of

    Please send the records to my attention at the following address:

Connecticut Legal Services, Inc
211 State St
Bridgeport, CT 06604

    I look forward to receiving the requested records as soon as possible. If the records are voluminous and require pick-up, please contact me when they are ready. If you have any questions, please do not hesitate to contact me at (203) 336-3851 ext 102.

Very truly yours,

Jennifer Mellon

## CONNECTICUT LEGAL SERVICES, INC.
## AUTHORIZATION TO RELEASE INFORMATION

I hereby authorize my attorney, CONNECTICUT LEGAL SERVICES, INC., or any person or persons duly authorized by them, to:

Verify all financial information pertaining to me with employer, banks, credit unions, loan companies or any other source

Obtain all necessary medical information from doctors, clinics, and hospitals concerning my case history, examinations, diagnosis, treatment or hospitalization.

Obtain pertinent information from any school, labor department, welfare or other agency that has rendered its service to me.

Obtain pertinent information pertaining to me from any current or past employer.

I hereby authorize all proper officials of all such organizations to furnish Connecticut Legal Services, its employees or any persons duly authorized by them such requested information.

_# B. P_____   _# 10-24-05_____
Signature                                         Date

## AUTORIZACION PARA REVELAR INFORMACION

Yo, por este medio autorizo mi abogado de CONNECTICUT LEGAL SERVICES, INC. o a cualquier persona or personas debidamente autorizadas por ellos a que:

Verifiquen toda informacion financiera que yo tenga con mi empleo, bancos, credit unions, companias de prestamos o cualquier otra fuente.

Que obtengan toda información medica necesaria de los doctores, clinicas y hospitales referente a mi historial, examinaciónes, diagnosis, tratamientos o hospitalización.

Obtener información referente a cualquier escuela, departamento de labor, bienestar publico u otras agencias que han ofrecido su servicios.

Obtener información pertinente tocante a mi de cualquier empleador corriente o pasado.

Yo por este medio autorizo tódos los oficiales de tales organizaciónes que le suministren a los empleados de o a cualquier persona de CONNECTICUT LEGAL SERVICES, debidamente autorizada por ellos, tal información solicitada.

_____   _____
Firma                                         Fecha

# ATTACHMENT B

05/24/2006 11:11 FAX 860 887 3683      DCF NORWICH                                    ☒001/001

Fax (203) 333-4976



**DEPARTMENT of CHILDREN and FAMILIES**
*Making a Difference for Children, Families and Communities*



Darlene Dunbar, MSW
Commissioner

M Jodi Rell
Governor

March 7, 2006

Jennifer Mellon, Esquire
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, Connecticut 06604

Re: B       P

Dear Attorney Mellon:

Pursuant to your request, you are being provided with the complete file for the above referenced closed DCF case. These are confidential documents from the records of the Department of Children and Families and may have been redacted according to statute. They are provided to you under the conditions specified in Conn. Gen. Stat. sec. 17a-28. These records may not be disclosed further without the written consent of the person who is the subject of the record except by order of a criminal or juvenile court, or by a state's attorney releasing exculpatory information to a criminal defendant.

Yours truly,

*Rene Knapp*

Rene Knapp, Paralegal Specialist II
Department of Children and Families

Cc: Closed files, 09/29/06, #13744,

This document is confidential. It is provided to you under the conditions specified in Conn. Gen. Stat. sec. 17a-28. It may not be disclosed further without the written consent of the person who is the subject of the record except by order of a criminal or juvenile court, or by a state's attorney releasing exculpatory information to a criminal defendant.

STATE OF CONNECTICUT
Phone (860) 886-2641 · Fax (860) 892-2964
2 Courthouse Square, Norwich, Connecticut 06360
www.state.ct.us/dcf
An Equal Opportunity Employer