UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| W.R., individually and on behalf of<br>Her minor son, Joseph R; Susan K,<br>M.O. individually and on behalf<br>of all others similarly situated<br>    Plaintiffs<br>vs.<br><br>Connecticut Department of<br>Children and Families<br>    and<br>Darlene F. Dunbar, in her official<br>capacity as Commissioner of the<br>Department of Children and Families<br>    Defendants | CIVIL ACTION NO.<br>3: 02-cv-00429 (RNC)<br><br><br><br><br>JUNE 14, 2006 |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE OR LIMIT THE TESTIMONY OF MARYLOU SUDDERS

This lawsuit was filed on March 8, 2002. The Court scheduled a motions hearing on the afternoon of June 15, 2006 to consider pending motions for class certification and joinder of new parties to the lawsuit. The plaintiffs indicated that they intended to call Marylou Sudders as a witness in the hearing on the issue of class certification. On June 12, 2006 at 2:05pm, plaintiff's counsel, Attorney Anne Louise Blanchard, sent an e-mail, with attachments, to defendants' counsel that stated in pertinent part:

> Over the weekend, the Child Advocate's Office provided the treatment plans etc. of 68 children pulled from the list of youth in DCF residential placements to Mary Lou Sudders to review for limited testimony on Thursday. I am disclosing them to you as part of our ongoing discovery obligations to you as potential plaintiffs, as well.

ORAL ARGUMENT REQUESTED/

TESTIMONY MAY BE REQUIRED

The plaintiffs disclosed Marylou Sudders as an expert witness on or about August 6, 2003. The defendants deposed Ms. Sudders on October 28, 2003. It appears to be the plaintiffs' intent to offer opinion testimony based upon a limited "records review" of the 68 newly identified children or youth.

**Argument:**

**I. The Witness Should Be Precluded From Rendering Any Opinion With Regard To The Clinical Needs Of Or Placement Needs Of The 68 Newly Identified Children Or Youth.**

Rule 702 of the Federal Rules of Evidence provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

**A. Ms. Sudders Is Not Qualified To Render Any Clinical Opinion.**

Ms. Sudders is not a psychologist or psychiatrist. She is not a clinician. Upon information and belief, she never rendered any mental health care or treatment to the 68 newly identified children or youth or even met those children and youth. Although she has held responsible positions as a social worker-administrator, she is not qualified to offer clinical assessments of these children or youth because she lacks the necessary educational and professional qualifications to do so.

2

### B. Ms. Sudders' Opinions Are Not Based Upon Sufficient Facts Or Data.

Rule 702 imposes a special obligation upon the trial court to ensure that expert testimony is reliable. *See Kumho Tire Co.* v. *Carmichael*, 526 U.S. 137, 147 (1999). "Whether the expert bases his testimony on professional studies or personal experience, he must employ 'the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.' . . . ." (Citations omitted) *Pugliano* v. *United States*, 315 F. Supp. 2d 197 (D. Conn. 2004) (testimony of social psychologist excluded). Subjective personal belief and unsupported speculation are not a sufficient basis to support expert testimony. *Id.*

Upon information and belief, the plaintiffs intend to offer testimony based upon a "records" review of the 68 newly identified children or youth. The e-mail sent on the afternoon of June 12, 2006 had attachments containing unsigned and undated DCF treatment plans concerning these children or youth. The plaintiffs have not disclosed that any other records have been reviewed. Thus, Ms. Sudders has not reviewed any clinical treatment records concerning the newly identified children or youth. Upon information and belief, Ms. Sudders has not conducted clinical examinations of the youth nor does she possess clinical test data concerning the children or youth.

Rule 702 (2) requires that the testimony be "based upon sufficient facts or data." Her proposed testimony presumably will concern the clinical needs including the related placement needs of the 68 newly identified children or youth. Because the proposed testimony of the witness is not grounded on sufficient data, her testimony must be excluded.

### C. Allowing Ms. Sudders' Testimony With Regard To The 68 Newly Identified Children Or Youth Would Be Unfairly Prejudicial.

Long past all discovery deadlines in this case and three days before the scheduled motions hearing, the plaintiffs disclosed by e-mail that Ms. Sudders engaged in a records review of new treatment plans not previously disclosed. The plaintiffs presumably intend to offer her expert testimony on the basis of that records review. According to the plaintiffs' e-mail, the Office of the Child Advocate, which moved to intervene in this action on **April 23, 2003**, waited until this past weekend to provide the treatment plans to Ms. Sudders for review. The plaintiffs offer no explanation for the tardiness of these disclosures.

Simply put, to allow Ms. Sudders to testify as to the 68 newly identified children or youth would be highly prejudicial to and work unfair surprise upon the defendants. *See* Rule 403 of the Federal Rules of Evidence. The defendants deposed Ms. Sudders on October 28, 2003. Plainly, the defendants have had no opportunity to discover what specific conclusions the witness reached after examining the newly identified treatment plans or the methodology for reaching those conclusions thereby depriving the defendants of fundamental fairness.

**WHEREFORE,** In accordance with Rules 403, 702 of the Federal Rules of Evidence and for the reasons stated above, the defendants respectfully move for this Court to exclude any testimony regarding the 68 newly identified children and youth who were the subject of the witness' limited records review.

                DARLENE F. DUNBAR, MSW
                COMMISSIONER

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY:
        /s/
        JOHN E. TUCKER
        Assistant Attorney General
        Federal Juris No. CT 04576
        110 Sherman Street
        Hartford, CT  06105
        Tel: (860) 808-5480
        Fax: (860) 808-5590
        John.Tucker@PO.State.Ct.Us.

## **CERTIFICATION**

I hereby certify on this day of June 14, 2006, a copy of the foregoing was faxed and mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, via first class mail, postage prepaid to:

Anne Louise Blanchard, Esq.
Bet J. Gailor, Esq.
Douglas M. Crockett, Esq.
Connecticut Legal Services, Inc.
PO Box 872
872 Main Street
Willimantic, CT 06226
Tel: (860) 456-1761
Fax: (860) 456-7420

Catherine L. Williams, Esq.
Connecticut Legal services, Inc.
211 State Street
Bridgeport, CT 06604
Tel: (203) 336-3851
Fax: (203) 333-4976

Winona Wellman Zimberlin, Esq.
2 Congress Street
Hartford, CT 06114
Tel: (860) 249-5291
Fax: (860) 247-4194

Susan T. Pearlman, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5480
Fax: (860 808-5590

_____/S/_____
John E. Tucker
Assistant Attorney General