```
          UNITED STATES DISTRICT COURT
                   FOR THE
            DISTRICT OF CONNECTICUT
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
W.R., individually and on behalf of
her minor son, JOSEPH R.; SUSAN K.;
M.O., individually and on behalf of
her minor son, OMAR S.; and on behalf
of all others similarly situated and
JEANNE MILSTEIN, CHILD ADVOCATE,

    PLAINTIFFS

BRANDON L.,
    APPLICANT FOR INTERVENTION

VS.                                CIV NO.302CV429(RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES and
DARLENE DUNBAR, in her official
capacity as Commissioner of the
Department of Children and Families,

    DEFENDANTS               June 14, 2006
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROPOSED COMPLAINT OF BRANDON L.

I.    Preliminary Statement

1. Plaintiff Brandon L. brings this action on his own behalf to challenge the failure of the defendant, the Connecticut Department of Children and Families ("DCF"), to provide him with a clinically appropriate community-based residential placement because of the nature of his disability. Brandon L. seeks to intervene as a plaintiff in W.R. v. DCF, Civ. No. 302CV429 (RNC), and files a Motion

to Intervene as Plaintiff contemporaneously with this Proposed Complaint.

2. Plaintiffs W.R., Joseph R., Susan K, M.O., Omar S. and Jeanne Milstein moved this court for class certification on July 11, 2003. The court heard oral argument on the first motion on December 22, 2003, and issued a ruling on September 30, 2004 denying plaintiffs' motion without prejudice. After engaging in extensive discovery, plaintiffs filed a Second Motion for Class Certification on May 1, 2005. Because the court has not yet ruled on this motion, Brandon L. asks this court to permit him to intervene so that his interests may be protected.

3. Brandon L. is twenty years old. He has Pervasive Developmental Disorder, a severe non-verbal learning disability which affects his social functioning and has led to behavioral and emotional problems. He has been in the care of the defendant, DCF, continuously since July, 2002. He was initially placed by DCF in a foster home for a brief period. After an incident which led to his arrest, he was placed at the DCF High Meadows residential treatment program in late July, 2002, and he has remained at High Meadows continuously since then.

4. When Brandon L. attained the age of eighteen, on December 19, 2003, he remained a "voluntary client" of DCF and has continued to cooperate with DCF case management and residential services, with his educational program, and with his mental health treatment.

5. In June, 2004, DCF regional office staff recommended that the DCF Central Placement Team provide Brandon with a placement in "a small group home that will allow him to develop appropriate social skills." His DCF Independent Living Case Plan dated July 28, 2004 referenced his need for "specialized care" and "continued mental health therapy and counseling."

6. Continued institutional placement is inappropriate for Brandon's treatment needs and detrimental to his well-being, and is causing him emotional harm.

7. The defendant, DCF, has been and continues to be aware that young adults like Brandon, who have disabilities that affect them behaviorally, emotionally and socially, can benefit from placements in small, professionally staffed, community-based placements, such as those provided in the states of Massachusetts and New York. DCF's past and continuing failure to provide such a placement to Brandon L. reflects a discriminatory animus resulting from the nature and extent of his disabilities.

II. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1343(a)(3) and § 504 of the Rehabilitation Act, 42 U.S.C. § 1983, 42 U.S.C. §§620 et seq. and 670 et seq., and the Americans with Disabilities Act. Plaintiff's request for declaratory relief is authorized by 28 U.S.C. §2201 and 2202. Venue is the District of Connecticut, in which named plaintiff's claims arose, pursuant to 28 U.S.C. §§1391(b) and 1393(a).

III. PARTIES

9. Plaintiff Brandon L. is a young man who is twenty years old. He has Pervasive Developmental Disorder, a disability which affects his social functioning. He has been in a DCF institutional placement for nearly four years. He has been recommended for placement in a small, professionally staffed community-based program.

10. Defendant Darlene Dunbar is the Commissioner of the Connecticut Department of Children and Families and is sued in her official capacity.

11. The defendant Connecticut Department of Children and Families is the state agency responsible for the care and education of children, youths and young adults like Brandon L. whose needs cannot be met by their families.

4

12. The defendant Connecticut Department of Children and Families receives federal funding from numerous sources.

IV.   INDIVIDUAL FACTUAL ALLEGATIONS

13. Brandon L., who is now twenty years old, lived with his mother until he was sixteen, except for a period of about one month when he was thirteen, when he was in a residential treatment program.

14. In July, 2002, When Brandon was sixteen, his mother declined to take him home after he was treated at a psychiatric crisis unit. The defendant, DCF, therefore obtained an order of temporary custody and placed Brandon in a foster home. Brandon was committed to the care and custody of DCF soon afterward.

15. During his brief placement at the foster home, Brandon was arrested for risk of injury to a minor and sexual assault in the fourth degree. DCF removed him from the foster home. In late July, 2002, he was placed by DCF at its High Meadows residential treatment program in Hamden, Connecticut, for a full psychological, psychiatric, educational and social assessment.

16. At High Meadows, Brandon was observed to lack age-appropriate social skills, to have poor inter-personal spatial boundaries, and to need guidance in personal care.

5

17. As the result of his arrest for the incident at the foster home in July, 2002, Brandon was eventually placed on probation, as an adult, as he was sixteen years old at the time of the incident. He remains on probation until May, 2008.

18. As a condition of his probation, Brandon completed a weekly group for sexual offenders. A psycho-sexual evaluation was completed in or about April, 2004, and found that he would be at moderate to high risk to engage in sexually inappropriate behavior but that the risk of danger he would present to others was low.

19. The assessments which have been conducted at High Meadows have resulted in the following diagnoses: Pervasive Developmental Disorder NOS; Frotteurism; Neglect of Child; Learning Disorder NOS (non-verbal, spatial); Impulse-Control Disorder NOS.

20. On or about July 28, 2004, DCF prepared an "Independent Living Case Plan" for Brandon. The plan noted that a "CPT" (Central Placement Team) request for Brandon was sent by the DCF regional office to the DCF central office on June 24, 2004. The plan was for Brandon to move to a small group home that would allow him to develop appropriate social skills. He was noted to continue to need specialized care, mental health therapy and

6

counseling. It was a condition of his probation that he remain a voluntary client of DCF. The plan indicated that, once Brandon was placed in a smaller group home setting, he could complete high school and pursue post-secondary education as well as employment.

21. While placed at High Meadows, Brandon was approved to attend a community-based specialized high school in October, 2004, and has been attending that school since November 22, 2004. He is graduating from high school in June, 2006.

22. According to reports compiled by High Meadows Staff, the following programs have been considered for Brandon, for placement in either a small residential facility or a specialized group home: Lake Grove, Durham, CT; Devereux, Rutland MA; SLS Health Center in New York; Chapel Haven, in New Haven, CT; New England Center for Change, in MA; CSI; Vista; Marrakech, Inc.; and DCF "special development build" group homes. Several referrals were made to the Young Adult Services program of the state of Connecticut Department of Mental Health and Addiction Services.

23. In March, 2006, after several denials, Brandon was found eligible for services by the Department of Mental Health and Addiction Services (DMHAS).

24. In or about April, 2006, Marrakech, Inc. presented a detailed proposal to DCF and to DMHAS for residential services for Brandon in a small community-based supervised apartment program.

25. Prior to March and April, 2006, Brandon had not been accepted by any of the programs to which DCF had made referrals.

26. Brandon became increasingly concerned by the length of time that was elapsing after he was recommended for a small, community-based residential program. He contacted counsel in February, 2006, and learned of this litigation in May, 2006.

27. DCF is aware, based on clinical recommendations, that Brandon needs a more interactive and experiential approach to learning social skills than is available to him in the institutional setting at High Meadows.

28. DCF is aware that Brandon has remained in an institutional placement that is not appropriate for his needs for nearly two years after he was recommended for a small, community-based residential program such as a professionally staffed group home.

29. In its continual failure to provide Brandon with a clinically indicated and appropriate community-based residential program over nearly two years, DCF has acted

with deliberate indifference both to Brandon's needs and to its own statutory obligations.

30. DCF's ongoing failure to provide Brandon with a clinically indicated and appropriate community-based residential program over a period of nearly two years reflects a discriminatory animus toward Brandon on the basis of his disabilities and the resulting behavioral problems.

V.  CAUSES OF ACTION

    A.  FIRST CAUSE OF ACTION

31. Paragraphs 1 through 30 are incorporated herein.

32. DCF and its Commissioner have violated Brandon L.'s rights under the American with Disabilities Act by failing to provide him with a clinically indicated and appropriate community based placement.

    B.  SECOND CAUSE OF ACTION

33. Paragraphs 1 through 30 are incorporated herein.

34. DCF and its Commissioner have violated Brandon L.'s rights under Section 504 of the Rehabilitation Act by failing to provide him with a clinically indicated and appropriate community based placement.

    C.  THIRD CAUSE OF ACTION

35. Paragraphs 1 through 30 are incorporated herein.

36. DCF and its Commissioner have violated Brandon L.'s rights under Conn. Gen. Stat. §17a-3 by failing to provide him with a clinically indicated and appropriate community based placement and violated Conn. Gen. Stat §17a-16 by exposing him to inhumane treatment and by disregarding his civil rights as a disabled person.

D. FOURTH CAUSE OF ACTION

37. Paragraphs 1 through 30 are incorporated herein.

38. DCF and its Commissioner have violated Article First, §20 of the Constitution of Connecticut as amended by Arts. V and XXI of the Amendments to the Connecticut Constitution, by discriminating against Brandon L. by failing to provide him with a clinically indicated and appropriate community based placement, by exposing him to inhumane treatment, and unnecessarily segregating him in an institutional setting.

VI. CLAIMS FOR RELIEF

WHEREFORE, the plaintiff Brandon L. respectfully request that the court:

39. Grant his motion to intervene as a party plaintiff in the W.R. v. DCF suit pending before it, docket no. 302CV429 (RNC);

40. Enter a preliminary and permanent injunction ordering the defendants to comply with the Rehabilitation

Act, the American with Disabilities act, Conn. Gen. Stat. §17a-3 and Article First, §20 of the Connecticut Constitution, as amended, by providing Brandon L. with a clinically indicated and appropriate community based placement.

41. Enter an order:

Ordering the defendants to comply with the Rehabilitation Act, the Americans with Disabilities Act, Conn. Gen. Stat §17a-3 and Article First, §20 of the Connecticut Constitution, as amended, by providing Brandon L. with a clinically indicated and appropriate community based residential placement.

42. Enter a declaratory judgment that:

The defendants violated the Rehabilitation Act, the Americans with Disabilities Act, Conn. Gen. Stat §17a-3 and Article First, §20 of the Connecticut Constitution, as amended, by failing to provide Brandon L. with a clinically indicated and appropriate community based residential placement.

43. Award plaintiff Brandon L. $1,250,000 in damages.

44. Award costs, attorneys' fees and other such relief as the Court may deem appropriate.

```
                    PLAINTIFF, BRANDON L.

                By: /s/ Mildred Doody
                    Mildred Doody
                    His Attorney
                    426 State Street
                    New Haven, CT 06510
                    Fed. Bar No. ct00813
                    mdoody@nhlegal.org
                    Tel: 203-946-4811
                    Fax: 203-498-9271
```

CERTIFICATION

I certify that a copy of the foregoing Proposed Complaint was mailed, postage prepaid, to the following counsel of record on the 14th day of June, 2006 to:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Attorney John Tucker
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Anne Louise Blanchard
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Bet Gailor
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Winona Zimberlin
2 Congress Street
Hartford, CT 06114

Attorney Catherine L. Williams
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604

_____
Mildred Doody