UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

W.R., individually and on behalf of
her minor son, JOSEPH R.; SUSAN K.;
M.O., individually and on behalf of
her minor son, OMAR S.; and on behalf
of all others similarly situated, and
JEANNE MILSTEIN, CHILD ADVOCATE;

    PLAINTIFFS

BRANDON L., APPLICANT FOR INTERVENTION

VS.                                      CIV NO.302CV429(RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES and
DARLENE DUNBAR, in her official capacity
as Commissioner of the Department of
Children and Families,

           DEFENDANTS                   June 14, 2006
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF BRANDON L.'S
MOTION TO INTERVENE AS PLAINTIFF PURSUANT
TO RULE 24, Fed.R.Civ.P.

I.  Introduction

    Brandon L. has moved for leave to intervene as a plaintiff in this action, pursuant to Fed. R. Civ. P. 24(b). This Memorandum is filed in support of that motion.

    Brandon L. seeks to intervene in this action on his own behalf. He is twenty years old and has been in the care of the defendant, the Connecticut Department of Children and Families (DCF), continuously since he was sixteen. He seeks to intervene

in this action in order to challenge the failure of the defendant, DCF, to provide him with a clinically appropriate community-based residential placement. The failure to provide him with such a placement is based on the nature of his disability. As shown in the proposed complaint filed with his Motion to Intervene, Brandon L. presents issues of both fact and law in common with the named plaintiffs W.R., Joseph R., Susan K., M.O., Omar S. and Jeanne Milstein, the Child Advocate for the State of Connecticut.

II. Argument

Brandon L., like the named plaintiffs, has been committed to the care and custody of DCF for a significant part of his life. Even though he is now a young adult, he continues to receive residential services, care and support from DCF, pursuant to Conn. Gen. Stat. Sec. 17a-11(g), because he was under DCF's care and supervision when he reached the age of eighteen, he continues to require assistance from DCF, and he is co-operating with DCF's requirements.

Like the named plaintiffs, Brandon L. has a disability which has a significant negative impact on his ability to function independently. (Proposed Complaint of Brandon L., paragraphs 3, 9, 19, 20)

Brandon L. needs a community-based professionally-staffed residential placement, instead of the institutional placement

where he has remained for four years. Such a community-based placement would be clinically appropriate for him. (Proposed Complaint of Brandon L., paragraphs 5, 6, 20, 27) DCF's failure to provide such an appropriate placement for him is the identical issue which is raised by the named plaintiffs, and is the basis of this action.

While some of the factual aspects of Brandon L.'s history are, of course, different from those of the named plaintiffs, the core facts are the same: he is a young person with a disability, in the care of DCF, who is being denied an appropriate placement and is unnecessarily segregated in an institutional setting because of his disability.

Under Rule 24(b), Brandon L. need not show a complete identity of facts in common with the claims of the other plaintiffs. He must show "a question of law or fact in common." (Emphasis added.)

Allowing Brandon L. to intervene as a plaintiff would reduce the likelihood of duplicative lawsuits relating to the type of claims raised by the existing plaintiffs and the proposed intervenor.

Furthermore, allowing Brandon L. to intervene would not cause undue delay or prejudice the rights of existing parties. The trial has not yet been scheduled, and the issue of class certification has yet to be resolved. The defendant, DCF,

3

already has in its possession Brandon L.'s complete records for the entire period of time Brandon L. has been in its care.

Brandon L. was only able to engage counsel recently, and did not learn of the lawsuit of W.R. vs. DCF until May, 2006. He has moved to intervene as expeditiously as possible, given his circumstances.

Brandon L. therefore meets the criteria for permissive intervention under Rule 24(b).

III. Conclusion

For all the foregoing reasons, Brandon L. respectfully requests that this Court grant his Motion to Intervene as a party plaintiff.

APPLICANT FOR INTERVENTION
Brandon L.

BY: _____
Mildred Doody
His Attorney
426 State Street
New Haven, CT 06510
Fed. Bar No. ct00813
mdoody@nhlegal.org
Tel: 203-946-4811
Fax: 203-498-9271

4

CERTIFICATION

I certify that a copy of the foregoing Memorandum in Support of Motion to Intervene was mailed, postage prepaid, to the following counsel of record on the 14th day of June, 2006 to:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Attorney John Tucker
Assistant Attorney General
55 Elm Street
Hartford, CT 06105

Attorney Anne Louise Blanchard
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Bet Gailor
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Winona Zimberlin
2 Congress Street
Hartford, CT 06114

Attorney Catherine L. Williams
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604

_____
Mildred Doody

5