UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
W.R., individually and on behalf of
her minor son, JOSEPH R.; SUSAN K.;
M.O., individually and on behalf of
her minor son, OMAR S.; and on behalf
of all others similarly situated, and
JEANNE MILSTEIN, CHILD ADVOCATE

    PLAINTIFFS

BRANDON L.,
    APPLICANT FOR INTERVENTION

VS.                                    CIV NO.302CV429(RNC)

CONNECTICUT DEPARTMENT OF CHILDREN
AND FAMILIES and
DARLENE DUNBAR, in her official
capacity as Commissioner of the
Department of Children and Families,

    DEFENDANTS                          July 18, 2006
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>PROPOSED INTERVENOR'S REPLY</u>
<u>TO DEFENDANTS' OBJECTION</u>
<u>TO MOTION TO INTERVENE</u>

    Brandon L, the proposed intervenor, hereby replies to the objection filed by the defendants to his Motion to Intervene. The defendants argue that Brandon L.'s motion is untimely and will unduly delay the proceedings as well as prejudice the defendants. Brandon L. submits that his motion is a timely one in view of all the circumstances, and that, for the reasons set forth below, this Court should exercise its sound discretion and grant his motion.

I. <u>The Motion to Intervene is Timely</u>.

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> (b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Brandon L. seeks permissive intervention pursuant to Rule 24(b)(2).

Permissive intervention is accorded the broad discretion of the district court and is to be liberally granted. <u>Miller v. Silbermann</u>, 832 F. Supp. 663, 673 (S.D.N.Y. 1993); <u>McNeill v. New York City Housing Authority</u>, 719 F. Supp. 233, 250 (S.D.N.Y. 1989).

The determination of the timeliness of a motion to intervene is also within the discretion of the district court, "evaluated against the totality of the circumstances before the court."  <u>Farmland Dairies v. Commissioner of the N.Y. State Department of Agriculture and Markets</u>, 847 F.2d 1038, 1043-44 (2d Cir. 1988).  Factors to be considered in determining timeliness include: how long the applicant had notice of the interest before he made the motion to intervene; prejudice to

2

existing parties resulting from any delay; prejudice to the applicant if the motion is denied; and any unusual circumstances militating for or against a finding of timeliness. United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994); D'Amato v. Deutsche Bank, 236 F. 3d 78, 84 (2d Cir. 2001).

The defendants cite the length of time the instant case has been pending - over four years - as well as their concern regarding prejudice to the other plaintiffs. The defendants assert that intervention would require "substantial discovery" by the intervenor as well as revisions to the motion for summary judgment filed by the defendants a year ago. The defendants claim that the proposed intervenor is free to pursue his own lawsuit in state or federal court.

The proposed intervenor notes that the existing plaintiffs have not opposed his motion to intervene. Furthermore, the class certification issue has yet to be resolved. If the motion to intervene is not granted, then "substantial discovery" would actually be required in any separate lawsuit by Brandon L. If Brandon L. is able to intervene, then any discovery in this matter relating to his individual situation would have a narrow focus, as he would be able to take advantage of the discovery already conducted by the existing plaintiffs on a variety of general issues such as the defendants' policies and the availability of placement resources.

3

The mere fact that the defendants have already filed a motion for summary judgment should not control this Court's decision. Permissive intervention has been granted even when a class is certified, McNeill v. New York City Housing Authority, 719 F.Supp. 233, 250, 252 (S.D.N.Y. 1989), or after judgment has entered. See Moore's Federal Practice 3d, §24.21[2].

In assessing the timeliness of the Motion to Intervene, this Court should consider that the proposed intervenor is a young adult who has been in the care of the defendant, the Connecticut Department of Children and Families, for the past four years. He has not been in the care of a parent who could protect his interests. As alleged in his proposed complaint, he learned of this litigation in May, 2006 and filed his motion to intervene on June 15, 2006. Given his young age and dependence upon the defendants, Brandon L. cannot be said to have unduly delayed his application to intervene.

This Court should also consider that Brandon L. raises identical questions of law, and many of the same questions of fact, as the other plaintiffs. The fundamental issues are the same: whether the defendants have failed to provide clinically appropriate community-based placements to Brandon L. and to the other plaintiffs, because of the nature of their disabilities. The defendants are already in possession of all the placement and treatment information regarding Brandon L. Given the

identity of his legal claims and those of the other plaintiffs, as recognized by the defendants in their objection (see Sec. III, at p. 5), it will not be unduly burdensome for the defendants to supplement their motion for summary judgment, should they choose to do so.

### II. Granting the Motion to Intervene would be equitable under all the circumstances.

Counsel for the defendants claims that it would be "inequitable" to permit Brandon L. to intervene, because counsel for other plaintiffs had access to information about him at some point prior to his application for intervention.

Brandon L. should not be punished because other counsel may have recognized him as a potential class member but allegedly declined to disclose his name to the defendants. It would be disingenuous of the defendants to claim that they were not aware of this young person, who was committed to the care and custody of the defendants, placed by the defendants in a residential program that is operated by the defendants, and the subject of a recommendation for a community-based placement.

### III. The proposed intervenor's claims have questions of law and of fact in common with those of the other plaintiffs.

The commonality requirement of Rule 24(b)(2) is satisfied "where a single common question of law or fact is involved, despite factual differences between the parties." Davis v.

5

Smith, 431 F.Supp. 1206, 1209 (S.D.N.Y. 1977), aff'd, 607 F.2d 535 (2d Cir. 1977); McNeill v. New York City Housing Authority, 719 F.Supp. 233, 250 ( S.D.N.Y 1989).

Here, the proposed complaint of Brandon L. raises the same legal claims that are raised by the other plaintiffs. His proposed complaint also demonstrates that he shares many factual circumstances with the other plaintiffs, such as placement by the defendants in an institutional setting, a need for an appropriate community-based placement, and mental health diagnoses.

If there are any significant factual distinctions between Brandon L. and the other plaintiffs, then the argument for permitting him to intervene is even stronger, because he can then bring his individual perspective to the development of the factual issues in this litigation.

It is true, as the defendants argue, that Brandon L. is free to file a separate lawsuit. Given the identity of all his legal claims and many of his factual issues with those of the existing plaintiffs, it would be a better use of judicial resources to permit him to intervene in this action.

IV. Conclusion

For the foregoing reasons, the Motion to Intervene of Brandon L. should be granted.

6

APPLICANT FOR INTERVENTION,
BRANDON L.

By: /s/ Mildred Doody
Mildred Doody
His Attorney
426 State Street
New Haven, CT 06510
Fed. Bar No. ct00813
mdoody@nhlegal.org
Tel: 203-946-4811
Fax: 203-498-9271

7

CERTIFICATION

I certify that a copy of the foregoing Proposed Intervenor's Reply was mailed, postage prepaid, to the following counsel of record on the 17th day of July, 2006 to:

Attorney Susan T. Pearlman
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06106

Attorney John Tucker
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Attorney Anne Louise Blanchard
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Bet Gailor
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 872
Willimantic, CT 06226

Attorney Winona Zimberlin
2 Congress Street
Hartford, CT 06114

Attorney Catherine L. Williams
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604

_____
Mildred Doody